**ROBERTSON v. KEY, County Judge, et al.
(No. 2526.)**

(Court of Civil Appeals of Texas. Texarkana.
March 23, 1922.)

**1. Highways ⟨⟩➡90—Description by course and
calls in proceedings to establish road district may be sufficient.**

Description by course and calls in proceedings to establish a road district may be sufficient description of the boundaries; Rev. St. 1911, art. 628, being satisfied if the description is so definite and certain as to enable a surveyor to run it.

**2. Highways ⟨⟩➡90—Order held to confine election to establish road district to proper boundaries.**

Order of commissioners for election for establishment of a road district, *held*, when reasonably construed, to expressly and exclusively confine the election to the boundaries of the proposed district; the words "in D. county" being surplusage.

**3. Highways ⟨⟩➡90—Road district may include town which as such has reached limit of bonded indebtedness.**

A road district, with consequential liability to bonded indebtedness, may include part of a town, though the town as such has reached its limit of bonded indebtedness, under Const. art. 3, § 52; the same territory being liable for indebtedness as parts of separate and different entities.

**4. Highways ⟨⟩➡90 — "Road district" overlapping town which has made street improvements solely under charter not prohibited.**

Vernon's Ann. Civ. St. Supp. 1918, art. 637d, providing that, where a practical subdivision or defined "road district" of a county has been established and issued bonds, none other shall be created or established "overlapping the same territory" while any of the bonds of the first are outstanding, refers to a road district established under the general act, and not to a town which has made street improvements solely under its charter.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Road District.]

Appeal from District Court, Denton County; C. R. Pearman, Judge.

Action by Alex W. Robertson against Ed. I. Key, County Judge, and others. From an adverse judgment, plaintiff appeals. Affirmed.

The court sustained the special demurrers of appellees to the appellant's petition, and, upon appellant declining to amend, dismissed the suit. The appeal is to revise the ruling of the court.

This action was brought by appellant against the county commissioners and tax collector of Denton county to enjoin the collection and any further enforcement of a special tax that had been levied and assessed against his real estate, besides that of others, for the purpose of paying the interest and to provide a sinking fund to redeem certain bonds issued for the purpose of constructing and maintaining a gravel or paved road in road district No. 3 in Denton county. The appellant was the owner of real estate subject to taxation within boundaries of the road district. The appellant set forth in his petition, as grounds for relief, certain alleged irregularities and failure of compliance with statutory requirements appearing upon the face of the proceedings instituted before and orders made by the commissioners' court, and claimed that such proceedings and orders as made were void and legally insufficient to sustain the establishment of the road district, the issuance of the bonds, and the levy and assessment of the tax therefor. The petition alleges the facts to be that—

A petition was presented by 500 resident property taxpaying voters asking the commissioners' court "to designate, set aside, and establish what shall be known as road district No. 3 in Denton county, Tex., and that it be established with the following metes and bounds (omitted here), and further praying that an election be ordered to be held in such defined district to determine whether or not the bonds of such defined district shall be issued in any amount not to exceed one-fourth of the assessed valuation of the real property of such defined district, for the purpose of constructing and maintaining in such defined district macadamized, graveled, or paved roads, or in aid thereof; and further praying that, at such election, there shall also be submitted to such resident property taxpaying votes the question as to whether or not a tax shall be levied upon the property of such defined district, subject to taxation, for the purpose of paying the interest on said bonds and to provide a sinking fund for the redemption thereof."

It further alleges that the petition of the resident taxpaying votes was granted and the road district established according to the metes and bounds stated in the petition, the election ordered, and notice thereof published for more than 30 days before the election, and that a two-thirds majority of the votes cast in the road district at the election were in favor of the issuance of bonds; that the commissioners' court declared the result of the election and issued bonds and levied the tax; that the bonds, after approval by the Attorney General and registration by the Comptroller, were sold by the commissioners "illegally for less than their par value:"

The grounds alleged as rendering the proceedings and orders of the court ineffectual are as follows:

(1) That "the boundaries of the proposed road district are for calls alone, no distance being given between any call, and no survey on the ground was made and the number of acres or squares was not stated."

The petition does not set out nor recite the boundaries given in the application to or order of the commissioners, further than "the same contained metes and bounds."

(2) That "the election was ordered held outside the district No. 3 in that the order of the commissioners' court ordering the election provided: 'It is ordered that an election be held in said road district and notice of it be given and published on March 15, 1919, being more than 30 days from the date of this order, submitting to such resident property taxpaying voters the questions of whether or not the bonds of said road district No. 3 of Denton county shall be issued in the amount of $1,500,-000.00 proposed to be issued maturing 30 years from date and bearing 5 per cent. rate of interest per annum, payable semiannually, and as to whether or not a tax shall be levied upon the property in the said road district No. 3, Denton county, Tex., subject to taxation, for the purpose of paying the interest on said bonds and to provide a sinking fund for the redemption thereof. It is ordered that said election be held in all the voting boxes, in Denton county, within the voting boxes of road district No. 3, under the provisions of articles 627–641, Revised Statutes of 1911, as amended by acts of 1917, and only qualified voters who are resident property taxpayers of said road district No. 3 of Denton county, Tex., shall be allowed to vote.'"

(3) That "the boundaries of the proposed district No. 3 overlaps all the territory claimed by the town of Denton, which now, and before the establishing of road district No. 3, has a large bonded indebtedness, a large part of which bonds had been issued by said town for the purposes of making good streets, and that said town had same when the said road district was established, and the state and county tax within said town is $2.02 besides the 50-cent state school tax which is levied by the school board of said town."

Alex W. Robertson, of Denton, and Rodgers & Rodgers, of Texarkana, for appellant.
Ben W. Boyd and Robert H. Hopkins, both of Denton, for appellees.

LEVY, J. (after stating the facts as above). [1] Technical accuracy is not necessary in the description of the proposed road district. The statute does not require more than that the order of the commissioners "shall describe the boundaries thereof" in establishing and ordering election in a "defined road district of a county." Article 628, R. S. It is sufficient if the description is so definite and certain as to enable a surveyor to run it. A "call" by course for objects, natural or artificial, when distinctly called for, affords a sufficient certainty, unless proved to the contrary, of description of boundaries. There is no allegation showing or tending to show that any of the "calls" cannot be applied and harmonized in any reasonable manner or serve as a guide in determining and locating the area or confines of the road dis-

trict. Therefore the allegation that "the metes and bounds" of the road district were described by "course and calls" would, in the absence, as here, of some controlling indication to the contrary, sufficiently show a proper "defined road district." The other several objections to the description are not tenable.

[2] The objection alleged to the validity of the order for the election is not, we conclude, sufficient to declare the proceedings void. The alleged recitals of the order of the commissioners, reasonably construed, fairly mean, we think, to expressly and exclusively confine the election to the boundaries of road district No. 3, and to the resident property taxpaying voters of that particular defined road district. The words "in Denton county," as they appear in the election order, cannot be regarded as controlling or even misleading. The words "in Denton county" could and should properly be treated as surplusage words and not rendering the order vague or uncertain or void, in view of the clear restriction of the terms of the order that—

"Only qualified voters who are resident property taxpayers of said road district No. 3 of Denton county, Texas, shall be allowed to vote."

There is no allegation that voters of other districts or precincts voted in the election, nor is there any allegation that the election did not carry by the required two-thirds vote of qualified voters wholly residing within the boundaries of road district No. 3. There is therefore, we think, no sufficient allegation upon which to base a holding that the election order or the election held under it was legally insufficient and void for the particular reasons alleged.

[3] The third alleged ground, as herein stated, is that the road district No. 3 "overlaps" and includes the town of Denton, and that before and at the time of the creation of road district No. 3 "the town of Denton had a large bonded indebtedness, a large part of which bonds had been issued by said town for the purposes of making good streets." It is urged that road district No. 3, under the Constitution and statutes, was void to the extent of that part of it which extends into and includes the corporate limits of the town of Denton, because a road district of a county cannot embrace a town which previously had created a bonded debt for street purposes. The petition only alleged that—

"The town of Denton had a large bonded indebtedness which had been issued by said town for the purposes of making good streets."

Such allegation, if proven as alleged, would not render the creation of road district No. 3 void to the extent of the territory

embracing the corporate limits of Denton. It is expressly provided that "any defined road district now or hereafter to be described and defined within the state of Texas," upon being organized and established, "may or may not include towns, villages or municipal corporations," and may, "in addition to all other debts," by consent of the voters expressed in an election, "issue bonds or otherwise lend its credit in any amount not to exceed one-fourth of the assessed valuation of the real property of such district or territory" for the maintenance, construction, and operation of macadamized, graveled, or paved roads and turnpikes, or in aid thereof, Article 3, § 52, Constitution of Texas; articles 627–641, R. S. It has been expressly held that—

"The constitutional provision referred to does not prohibit the placing of an additional burden by taxation upon property located within a town or city which has already reached its constitutional limits of bonded indebtedness, but it prohibits bonded indebtedness of the municipality beyond a certain limit. In other words, the county government and city or town government are separate and distinct legal entities, and while each may embrace a particular territory, yet they are separate and distinct, and the imposition of a tax by one does not increase the indebtedness of the other." Moore v. Bell County (Tex. Civ. App.) 175 S. W. 849; Simmons v. Lightfoot, 105 Tex. 212, 146 S. W. 872.

[4] Consequently, in reckoning the road bonded indebtedness "of the town of Denton," the road bonds of district No. 3, which is "a defined district of the county," are not to be considered. Further, the allegations, as made, do not, we think, show that the town of Denton was illegally embraced within the boundaries of road district No. 3 upon the ground of "overlapping the same territory" of "a political subdivision," within the meaning of article 637d, Vernon's Ann. Civ. St. Supp. 1918. It is not alleged that the town of Denton was already in a road district of the "county" previously created and established under the provisions of the statute in hand. The "overlapping the same territory" that is prohibited by article 637d refers to and is limited to territory of a road district already created and established under the act, and existing and having outstanding bonds, at the time the other proposed road district under the act is "thereafter" sought to be created. The prohibition of the article does not reach nor extend to a town acting in street improvement solely under its charter, and independent of and not under the general act considered.

There being no error on the part of the court in sustaining a general demurrer to the petition as presented, the judgment is affirmed.