

# The Attorney General of Texas

December 20, 1985

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266


714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944


4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484


1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886


806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238


4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547


200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191


An Equal Opportunity/
Affirmative Action Employer

Honorable Gary Thompson
Chairman
Committee on County Affairs
Texas House of Representatives
P. O. Box 2910
Austin, Texas    78769

Opinion No. JM-400

Re: Whether a rural fire prevention district may assess taxes against residents of a municipality which was incorporated after the creation of the district

Dear Representative Thompson:

You inform us that in 1983 the Wimberley Rural Fire Prevention District was formed pursuant to article 2351a-6, V.T.C.S. The voters approved a three cent per hundred dollar maximum tax for the district. In August of 1984, an area within the rural fire prevention district was incorporated under article 1133, V.T.C.S., as the town of Woodcreek. You wish to know whether the incorporation removes the town of Woodcreek from the taxing power of the rural fire prevention district.

Article III, section 48-d of the Texas Constitution authorizes the legislature to provide for the establishment of rural fire prevention districts with taxing power. Article 2351a-6, V.T.C.S., was enacted pursuant to this authority. It establishes a procedure for calling an election to decide whether a rural fire prevention district shall be formed in a stated area. The commissioners court of the county where the proposed district will be located must hold a hearing on the petition for election. If the court determines that organization of the district would be feasible and would benefit the land included therein, it is to grant the petition for election. V.T.C.S. art. 2351a-6, §6. Where the proposed district includes an incorporated city, the court must make a separate determination that the city will be benefited by the district. Id. §8(a). In addition, the majority of electors residing in the municipality and participating in the election to establish the district must vote in favor of it. Id. Thus, if the voters of an existing municipality are satisfied with the fire protection their city offers, they need not join the proposed rural fire prevention district. They may, if they wish, vote to be included in the district and gain additional fire protection from the district as well as become subject to the additional taxes collected to fund the district's operation.

Article 2351a-6 does not expressly deal with the status of a municipality incorporated within the boundaries of a rural fire

prevention district after the district is established. It is well established that two municipal corporations cannot have coexistent control over the same territory and contemporaneously exercise the same governmental powers in it. City of Galena Park v. City of Houston, 133 S.W.2d 162 (Tex. Civ. App. - Galveston 1939, writ ref'd) (one city may not annex territory which is already part of an incorporated city). A city, with its broad statutory police powers, may overlap in territory with a special purpose municipal entity invested with limited powers, even though some of their purposes are the same. City of Pelly v. Harris County Water Control & Improvement District No. 7, 198 S.W.2d 450 (Tex. 1946) (city may annex territory despite fact that it is located in a water control and improvement district or a water conservation district); State ex rel. Grimes County Taxpayers Association v. Texas Municipal Power Agency, 565 S.W.2d 258 (Tex. Civ. App. - Houston [1st Dist.] 1978, no writ). Article 2531a-6, section 8(a), expressly recognizes that cities may be included in a fire prevention district.

We believe that a city which incorporates within an existing rural fire prevention district remains part of the district, in the absence of statutory provision to the contrary. See 16A McQuillin, The Law of Municipal Corporations §45.02 (3d ed. 1984); cf. People v. Lund, 185 N.E.2d 174 (Ill. 1962) (detailed statutory provisions governing allocation of powers between fire protection district and city). The voters who decide to incorporate are on notice that they reside in a fire protection district. Unlike the voters in a city which exists before the district is established, they do not need a special procedure like that in section 8(a) of article 2351-6a to avoid additional tax liability for fire prevention services already provided by a city.

The town of Woodcreek remains in the Wimberley Fire Protection District after its incorporation. City of Pelly v. Harris County Water Control & Improvement District No. 7, supra. Property in the town of Woodcreek is accordingly subject to taxation by the district. See V.T.C.S. art. 2351a-6, §10.

## SUMMARY

The town of Woodcreek, which was incorporated within the boundaries of the Wimberley Rural Fire Prevention District subsequent to creation of the district, remains part of the district. Property within Woodcreek is subject to taxation by the rural fire prevention district pursuant to section 10 of article 2351a-6, V.T.C.S.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General