

# THE ATTORNEY GENERAL
## OF TEXAS

December 30, 1986

JIM MATTOX
ATTORNEY GENERAL

Honorable Terral R. Smith
Chairman
Criminal Jurisprudence Committee
Texas House of Representatives
P. O. Box 2910
Austin, Texas    78769

Opinion No. JM-605

Re: Whether a rural fire prevention district must continue to provide services to and assess taxes against residents of an area recently annexed by a municipality

Dear Representative Smith:

You ask two questions about the status of an area of a rural fire prevention district annexed by a city. These questions, in reverse order, are as follows:

> 1. What procedures are necessary to remove a full-purpose municipal annexation area from the tax rolls and obligations of a rural fire prevention district created prior to September 1, 1985?

> 2. Must a rural fire prevention district created prior to September 1, 1985, assess taxes, provide direct services and be liable to residents of a recently annexed area into an article 1269m, V.T.C.S., civil service municipality which was within the boundaries of the fire district prior to full-purpose annexation of the area into the municipality?

Article 2351a-6, V.T.C.S., provides for creating and governing rural fire prevention districts. See Tex. Const. art. III, §48-d (authorizing legislature to provide for establishment and creation of rural fire prevention districts). A 1985 amendment to article 2351a-6, V.T.C.S., added provisions dealing with the inclusion in a rural fire prevention district of territory in the corporate or extraterritorial jurisdiction of a city. The enactment of Senate Bill No. 783 amended section 8A of article 2351a-6, V.T.C.S., and added sections 8B and 14b to article 2351a-6, V.T.C.S. See Acts 1985, 69th Leg., ch. 93, at 525. Section 8A now requires the commissioners court to determine that the proposed district would provide certain public benefits within any extraterritorial jurisdiction of a city that it proposes to encompass, as well as any area within the city limits. Section 8B, a new provision, provides that territory within a city or

its extraterritorial jurisdiction may not be included in a rural fire prevention district unless the governing body of the city gives written consent to the inclusion. V.T.C.S. art. 2351a-6, §8B(a). If the governing body does not consent, voters and property owners of the territory proposed for inclusion in the district may petition the city government to provide it with fire protection. Id. §8B(b). The failure or refusal of the governmental body to provide fire protection constitutes consent to inclusion of the area in the proposed district. Id. §8B(c).

Section 14b is a new section which provides as follows:

> Sec. 14b. (a) The governing body of a city that has an area within its corporate or extra-territorial jurisdiction included within a rural fire prevention district may, on agreeing to provide fire protection to the area as provided by Section 8B of this Act . . . notify the secretary of the board of fire commissioners in writing that the area is excluded from the district's territory.
>
> (b) On receipt of the notice under Subsection (a) of this section, the board shall cease to provide further service to the area, exclude the area by order from the district, and redefine the district's boundaries.

The bill analysis of Senate Bill No. 783 states of section 14b:

> This section provides that if a city has territory within a district and the city agrees to provide fire protection to the territory . . . the governing body shall notify the secretary of the board of fire commissioners in writing of this change. On receipt of this notice, the board shall cease to provide service.

Bill Analysis to S.B. No. 783, prepared for House Committee on Urban Affairs, filed in Bill File to S.B. No. 783, Legislative Reference Library.

In Attorney General Opinion JM-453 (1986) this office determined that section 14b applies to the removal of territory from rural fire prevention districts created before September 1, 1985. See Attorney General Opinion JM-453 (1986). See also Attorney General Opinion JM-591 (1986). Attorney General Opinion JM-453 (1986) also considered how the removal of territory from a rural fire prevention district would affect its tax rolls and obligations. The opinion noted that except for the issuance of bonds and notes, the district could contract only that indebtedness payable out of excess funds on hand or current revenues for the year. Thus, the obligations at issue were

obligations to bondholders, obligations protected by the contract clauses of both the federal and Texas Constitutions. See U.S. Const. art. 1, §10, cl. 1; Tex. Const. art. I, §16; Attorney General Opinion JM-453 (1986) and authorities cited therein. Legislation which removes the source of repayment to bondholders without substituting something of equal efficacy may impair the obligation of contract and violate the constitution. City of Aransas Pass v. Keeling, 247 S.W. 818, 821 (Tex. 1923); Burns v. Dilley County Line Independent School District, 295 S.W. 1091, 1094 judgment adopted (Tex. Comm'n App. 1927); Attorney General Opinions JM-453 (1986); O-1205 (1939).

Attorney General Opinion JM-453 concluded that an area removed from a rural fire district would still be required to pay its pro rata share of such obligations existing when the territory is withdrawn from the district. It stated as follows:

> Article 2351a-6 contains no express provision for payment of the excluded territory's pro rata share of an existing district indebtedness. Cf. Water Code §§53.268, 54.731 (on payment of pro rata share of existing district indebtedness, excluded territory and its taxpayers are released from liability to the district and payment of taxes). It is our opinion that article 2351a-6, as recently amended to authorize the exclusion of a city from a district, is not facially unconstitutional. In particular situations where the obligation of contract to bondholders would be impaired, the statute may be unconstitutional as applied without the collection of taxes from the excluded area to pay its pro rata share of obligations to bondholders that are in existence at the time the city is withdrawn from the district. See Attorney General Opinion MW-337 (1981).

Attorney General Opinion JM-453 (1986) at 4.

The quoted holding of Attorney General Opinion JM-453 is applicable where the territory detached from the rural fire prevention district constitutes less than the entire city. Thus, Attorney General Opinion JM-453 provides the answer to your first question. See, e.g., art. 2351a-6, §§19-22.

Our answer to question one also provides a partial answer to question two, which asks as follows:

> Must a rural fire prevention district created prior to September 1, 1985, assess taxes, provide direct services and be liable to residents of a recently annexed area into a 1269m, V.T.C.S., civil service municipality which was within the

boundaries of the fire district prior to full-
purpose annexation of the area into the munici-
pality?

Even if the city government removes the recently annexed area
from the rural fire prevention district, its pro rata share of the
district's obligations must be fulfilled. After removal, however, the
board of fire commissioners of the district "shall cease to provide
further service to the area. . . ." V.T.C.S. art. 2351a-6, §14b.

In the event that the city does not remove the recently annexed
area from the fire district, that area will continue to be part of the
district. Article 1269m, V.T.C.S., establishes a firemen's and
policemen's civil service in cities within the statutory description,
but it does not deal with the firefighting responsibilities of those
cities. The district will continue to have the same powers and duties
toward the residents of the annexed area as it had prior to the annex-
ation. A city, with its broad statutory police powers, may overlap in
territory with a special purpose municipal entity, such as a rural
fire protection district. City of Pelly v. Harris County Water Control
& Improvement District No. 7, 198 S.W.2d 450 (Tex. 1946); Attorney
General Opinion JM-400 (1985).

## SUMMARY

When a municipality annexes territory within a
rural fire prevention district created prior to
September 1, 1985, the territory remains part of
the district unless the city removes it from the
district, pursuant to section 14b of article
2351a-6, V.T.C.S. When a municipality removes an
annexed area from the district, the district is to
cease providing services to that area.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General