These suggestions are made in view of another trial.

The issue of value of the stolen property was material and necessary for the State to establish. In proving the value of the stolen property, the State did so by proving that the individual items were "worth" and were of the "value" and had "cost" designated amounts. At no time did the State attempt to ascertain if the property had a reasonable cash market value or, in the absence of a reasonable market value, to ascertain the replacement value of the property.

■ In proving value of stolen property, the test is the reasonable cash market value of the property at the time. If the property has no cash market value, then its replacement value is the test. Givens v. State, 143 Tex.Cr.R. 277, 158 S.W.2d 535; McKnight v. State, 134 Tex.Cr.R. 373, 115 S.W.2d 636; Branch's P. C., Sec. 2488.

■ To the proof offered, the appellant objected because it was not in compliance with the rule stated.

The objection should have been sustained.

■ Appellants, having admitted possession of the alleged stolen property, are in no position to complain that it was found as the result of an unwarranted search.

For the error mentioned, the judgment is reversed and the cause remanded.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

**TURNER et al. v. CITY OF BEAUMONT et al.**

No. 4412.

Court of Civil Appeals of Texas. Beaumont.
Oct. 3, 1946.

Rehearing Denied Oct. 23, 1946.

Sonfield, Votaw & Sonfield and Cecil & Keith, all of Beaumont, for appellants.

W. A. Tatum, Formerly City Atty., Harriet Rasor, Asst. City Atty., and J. B. Morris, all of Beaumont, for appellee.

COE, Chief Justice.

This is an appeal from the order· of the district court of Jefferson County, Texas, 60th judicial district, refusing to grant a temporary injunction.

This suit was ·filed in the lower court by J. M. Turner, William H. Stewart, Charles F. Heidrick and J. J. Broussard, as plaintiffs, against the City of Beaumont, Fred Stone, Mayor of said city, Ottis Allen and Richard Carey, Jr., city commissioners, and C. J. Strack, tax assessor-collector; each of the above parties were sued only in their official capacities.

On the 23d day of April, 1946, the City of Beaumont passed an ordinance calling an election to be held on the 4th day of June, 1946, to determine whether the boundaries of said city should be extended so as to include some 21 square miles of adjacent territory. The election was held. on said date, wherein only the qualified ·voters residing within the old city limits were permitted to vote. The residents of the territory proposed to be annexed were not permitted to vote. The election carried and the votes were canvassed by the governing body of said city, and thereafter the city declared said territory to be a part of the City of Beaumont for municipal purposes only. In passing said ordinance and in holding said election, the city followed the provisions of Section 3 of the city charter.

The plaintiffs Turner, Stewart and Heidrick alleged and it was stipulated that they were residents of the territory proposed to be annexed and owned taxable property situated therein. The plaintiff Broussard alleged, and it was stipulated, that he was a resident of the City of Beaumont as the limits of said city existed prior to said election, and owned taxable property locat-ed therein. The Stanolind Oil & Gas Company intervened in the lower court and adopted all pleadings of the original plaintiffs. In addition thereto said company pleaded that it either owned in fee or had under lease approximately 1600 acres of land within the territory reported to be annexed, and same was wholly unsuited for municipal purposes, and further alleged that the act of the city in attempting to annex said territory was arbitrary and discriminatory.

The plaintiffs and intervenor based their contention that the annexation proceedings were void upon the hypothesis that Section 3 of the Charter of the City of Beaumont is in hopeless conflict with Article 1182a, Vernon's Texas Civil Statutes, and that said charter provision was, therefore, void. The appellants prayed for injunctive relief, both temporary and permanent, restraining the city from exercising municipal control over the property purported to have been annexed in the manner above set out, and further prayed that said city and its officials be restrained and enjoined from placing their property upon the tax rolls of said city. The appellant Broussard also prayed that the city be enjoined from withdrawing any public funds from its treasury and expending the same on said territory purported to have been annexed. Appellees, defendants in the court below, filed a plea in abatement which alleged in substance that appellants were wholly without authority to maintain this suit and that it could only be maintained by the Attorney General of Texas, or some one acting in his behalf, in the nature of a quo warranto proceeding. Appellees also filed a lengthy answer wherein many pleas and special exceptions were interposed by way of defenses. The trial court sustained appellees' plea in abatement and dismissed appellants' cause of action. From this order the appellants have properly prosecuted an appeal to this court.

The appellees contend that under the "Home Rule Amendment," Section 5, Article 11 to the Constitution, Vernon's Ann.St. and under Subdivision 2 of Article 1175, V.T.C.S., Section 3 of the charter

of the City of Beaumont is valid and that it was not repealed or annulled by the enactment of Article 1182a, supra. Stated in another way, appellees contend that Article 1182a has no application whatever and does not in any wise control the proceedings for the extension of the city limits of the City of Beaumont. The parties stipulated that the City of Beaumont has a population in excess of 5000 and less than 100,000.

█ There is no controversy with reference to the facts; the only question for our determination is whether Article 1182a, supra, had the effect of nullifying Section 3 of the charter of the City of Beaumont, providing for the extension of the city limits, thereby rendering void the annexation proceedings complained of. It is the settled law of this state that appellants are without authority to maintain this suit unless the proceedings attacked are void. In which event they may be so attacked.

Section 5, Article 11, of the Constitution, commonly known as the Home Rule Amendment, provides: "Cities having more than five thousand (5000) inhabitants may, by a majority vote of the qualified voters of said city, at an election held for that purpose, adopt or amend their charters, subject to such limitations as may be prescribed by the Legislature, and providing that no charter or any ordinance passed under said charter shall contain any provision inconsistent with the Constitution of the State, or of the general laws enacted by the Legislature of this State; * * *."

In the first paragraph and in subdivision 2 of Article 1175, commonly known as the "Enabling Act," we find the following provision:

"Cities adopting the charter or amendment hereunder shall have full power of local self-government, and among the other powers that may be exercised by any such city the following are hereby enumerated for greater certainty:

* * * * * *

"2. The power to fix the boundary limits of said city, to provide for the extension of said boundary limits and the annexation of additional territory lying adjacent to said city, according to such rules as may be provided by said charter."

Pursuant to such constitutional amendment and statutory Enabling Act, the City of Beaumont in 1919 adopted its present charter and incorporated therein a provision for the extension of its limits, being Section 3 thereof, reading as follows: "Section 3. Extension by Referendum. The City of Beaumont shall have power to extend the boundary limits of the city and to annex additional territory at any time without the consent of the inhabitants of the territory annexed, by majority vote of the qualified voters of the City of Beaumont, voting thereon at an election at which the question may be submitted, and the City Commission, whenever in their judgment the public interest requires, may submit such question to vote of the people by ordinance duly passed describing the territory desired to be taken in, provided such question may be initiated as other questions herein elsewhere provided."

In 1929 the Legislature passed what is now Article 1182a. Section 1 of said act reads as follows: "Whenever the City Commission of any City within this State, acting under and by virtue of any Charter adopted under Home Rule Amendment Article 11, Section 5, of the Constitution of this State, shall initiate or order an election for the extension of the territorial limits of said city, to be submitted to the legally qualified property tax paying voters residing within the territorial limits of said city, to determine whether or not the adjacent territory desired to be annexed shall be included within the territorial limits of said city, said City Commissioners shall at the same time order an election to be held at some convenient place within said city limits, so that the legally qualified property tax paying voters residing in the territory contiguous to said city and proposed to be annexed, may appear and cast their vote for the purpose of determining whether a majority of the legally qualified property tax paying voters residing in said territory proposed to be an-

nexed, favor the annexation of said territory proposed to be annexed."

It is a well-settled rule of law in this state, which seems to be recognized by all the parties hereto, that appellants' authority to maintain this suit depends entirely upon the proceedings which they attack being void. In case such proceedings are void, it follows that they would be subject to the attack here made by appellants. City of Pelly et al. v. Harris County Water Control & Improvement District No. 7 et al., Tex.Civ. App., 195 S.W.2d 241, and cases there cited. On the other hand if such proceedings are not void, appellants are without authority to maintain this cause of action and the court properly sustained appellees' plea in abatement. 30 Texas Juris., p. 37, Sec. 9; Tod v. Houston, Tex.Civ. App., 276 S.W. 419, and authorities there cited. Among the many cases relied upon by appellants to sustain their contention is the case of Allen v. City of Austin, Tex.Civ.App., 116 S.W.2d 468, 469, which case they plead as stare decisis of this litigation. They contend that under the authority of this case that Section 3 of the charter of the City of Beaumont was nullified by the passage by the Legislature of Article 1182a, V.T.C.S. We find ourselves unable to agree with appellants as to the effect of this decision, but to the contrary we feel that said opinion is direct authority supporting appellees' contention that Article 1182a does not supersede Article 1175, commonly called the "Enabling Act" to the "Home Rule Amendment." We quote from said opinion the following: "We hold that the Constitution, section 5, article 11, and the Legislature, article 1175, subd. 2, and the Charter of the City of Austin, article 1, § 2a, gave the city ample statutory and constitutional authority to annex the territory by ordinance without submitting the question to the qualified voters of the city or of the territory annexed."

Since Article 1182a did not nullify Article 1, Section 2a of the City of Austin, providing for the annexation of territory by ordinance, it seems reasonable that said article would not nullify the charter provision of the City of Beaumont providing for the annexation of additional territory by a vote of the qualified voters of said city. It is true the court in its opinion had the following to say with reference to the applicability of Article 1182a to home rule cities: "This act by its own terms applies only when the city governing board of any city 'acting under and by virtue of any Charter adopted under the Home Rule Amendment, article 11, section 5, of the Constitution of this State, shall initiate or order an election for the extension of the territorial limits of said city. * * *.'"

To add the following: "To be submitted to the legally qualified property tax paying voters," which language is found in Article 1182a, clearly demonstrates to our minds that said article has no application to the character of election held in the City of Beaumont under the provisions of Section 3 of its charter. There is quite a distinction between an election to be submitted to the legally qualified voters of the given territory and an election to be submitted to the legally qualified property taxpaying voters of such territory. In fact, the City of Beaumont has no authority under its charter to submit an election for the purpose of extending its limits to the legally qualified property taxpaying voters, which is a much more limited class than the legally qualified voters of said city. As stated by the court in the case of the City of Fort Worth v. State ex rel. Ridglea Village, Tex.Civ.App., 186 S.W.2d 323, 327: "When the caption and the emergency clause, as well as the second and third sections, of Article 1182a are examined, it seems reasonable to believe that the chief purpose of the act is to provide a method of equalizing taxes in cases where a city annexes territory lying within a water improvement district, or a district of like nature. When we consider the entire act, together with the caption and the emergency clause, we cannot believe that the Legislature intended by its enactment to abolish the established method of annexing territory by charter amendment. In other words, Article 1182a ap-

pears to us to be cumulative rather than exclusive in its operation. It seems to provide a method whereby the city may submit to its property taxpaying voters the question whether the city will annex the territory in question and assume its indebtedness, and for the purpose of paying such indebtedness will levy and collect a tax against all the property within the city limits; and that, where such procedure is followed, the question of annexation and adjustment of taxes must also be submitted to the property taxpaying voters in the territory proposed to be annexed. We do not believe that the Legislature, in providing for the procedure adaptable to this limited kind of situation, intended to do away with the right of a Home Rule city to annex territory by amending its charter upon the vote of all its qualified voters. If the Legislature had intended such a result, we believe that Article 1182a would have contained language more clearly evidencing such a purpose."

We adopt the reasoning of that court in construing Article 1182a as applying to the facts of the case here presented. (See this case, where a full text of the act with the caption and emergency clause will be found in the foot note.) It is our opinion that the Legislature intended for Article 1182a to be cumulative of Article 1175 and that it only applies when the city undertakes to annex territory lying within a water improvement district, or districts of like nature, as set out in said article, and that it has no effect upon a charter provision adopted under article 1175 for annexing territory that does not lie within a water improvement district, or a district of similar nature, as is presented in this cause. We feel that no good purpose would be served by undertaking an extended discussion of the Constitution and various statutes applicable to home rule cities, or the many cases cited by both appellants and appellees. We overrule appellants' contention that Article 1182a annulled and made void Section 3 of the charter of the City of Beaumont, thereby rendering void the annexation proceedings here under attack, and hold that the Constitution, Section 5, Article 11, and Article 1175, subdivision 2, V.T.C.S., and

Section 3 of the charter of the City of Beaumont gave the city absolute authority to annex the territory by such an election as was held without in any manner submitting the question to the legally qualified taxpaying voters of the city, or the territory annexed.

It follows that we are of the opinion that there was no error in the action of the trial court in sustaining appellees' plea in abatement, and its judgment is affirmed.