GOLSTON v. CITY OF TYLER et al.

No. 6726.

Court of Civil Appeals of Texas.

Texarkana.

Oct. 29, 1953.

Rehearing Denied Nov. 19, 1953.

Lawrence & Lawrence, F. Lee Lawrence, Tyler, for appellant.

Troy Smith, Ted Chilcote, Tyler, for appellees.

WILLIAMS, Justice.

In this action, a class suit, appellant, Roy D. Golston, sought to enjoin the City of Tyler and its officers from annexing, enforcing and exercising municipal powers over certain territory aggregating 1600 acres adjacent to the city by an ordinance of the City Commission passed on April 13, 1953. The trial court sustained the defense urged by appellee, the City of Tyler, that the ordinance of the City of Tyler is valid under the constitution and the statutes of the State of Texas and its charter, and denied the injunctive relief sought by appellant.

The City of Tyler is a home rule city operating under the provisions of Art. XI, § 5 of the State Constitution, Vern.Ann. Statutes and possesses all the legislative powers usually vested in the governing body of cities and towns under the constitution and laws of Texas and under the provisions of its charter. Its citizens adopted its home rule charter on February 9, 1937. Its charter in Sec. 1 thereof provides: "The inhabitants of the City of Tyler, as the limits now are or may hereafter be, shall be a body politic and corporate by the name of the City of Tyler." It then sets out in general terms various specific powers, too many to detail here, and concludes Sec. 1 as follows: "The City shall have all powers that now are or hereafter may be granted to municipalities by the Constitution or laws of Texas, and all such powers, whether express or implied, shall be exercised and enforced in the manner prescribed by this charter; or when not prescribed herein, in such manner as shall be provided by ordinances or resolutions of the commission." Sec. 2 of the charter of the City of Tyler provides that the city "shall have all of the powers that are granted to cities of more than 5,000 inhabitants by Chapter 147 of the General Laws of the State of Texas, passed by the 33rd Legislature at its regular session." (of which Article 1175, V.A.C.S., is a part).

The pertinent part of Section 5 of Art. 11 of the constitution reads as follows: "Cities having more than five thousand (5,000) inhabitants may, by a majority vote of the qualified voters of said city, at an election held for that purpose, adopt or amend their charters, subject to such limitations as may be prescribed by the Legislature, and providing that no charter or any ordinance passed under said charter shall contain any provision inconsistent with the Constitution of the State, or of the general laws enacted by the Legislature of this State".

The 33rd Legislature of the State of Texas at its regular session passed Chapter 147 of the Acts of said Legislature known as "The Home Rule Enabling Act." A portion of said act, now known as Article 1175 of Vernon's Revised Civil Statutes, provides that cities adopting the charter or amendment hereunder shall have full power of local self-government, and among other powers that may be exercised by any such city the following are hereby enumerated for greater certainty: "Subdivision 2. The power to fix the boundary limits of said city, to provide for the extension of said boundary limits and the annexation of additional territory lying adjacent to said city, according to such rules as may be provided by said charter."

On the 5th day of April, 1946, the City Commission of the City of Tyler passed an ordinance providing that "The annexation of additional territory lying adjacent to said city, shall be accomplished by the City Commission of the City of Tyler, by passing an ordinance setting forth the metes and bounds of the area sought to be annexed, and declaring that the territory within the boundaries so defined shall thereafter be a part of the City of Tyler, and within its corporate limits, and subject to all of the rules and regulations applicable to the territory then within said city." The City Commission under the asserted authority of Sec. 2 of the Charter and above ordinance of April 5, 1946, enacted the ordinance of April 13, 1953, which purports to annex the area involved.

No procedural question is raised in the passage and enactment of the ordinance of April 13, 1953. Under the sole point presented, appellant asserts that "this purported annexation was void, in that the Charter does not provide for any rule as called for in Art. 1175, R.C.S. of Texas, and not having so provided in its charter, it would have to annex under the provisions of the general statute relating to annexation, namely, Art. 1182a", which requires a submission of the proposed annexation to the qualified voters in the area sought to be annexed.

■ Section 1 of the charter does not enumerate and include among the specific powers therein detailed the particular authority to annex adjacent territory. But Section 2 provides, "The enumeration of particular powers by this charter shall not be held or deemed to be exclusive, but in addition to the powers enumerated herein, implied thereby or appropriate to the exercise thereof, the city shall have, and may exercise all other powers which under the constitution and laws of Texas, it would be competent for this charter specifically to enumerate. And it is hereby expressly provided that it shall have all the powers that are granted to cities of more than five thousand inhabitants by Chapter 147 of the General Laws of the State of Texas passed by the 33rd Legislature at its regular session * * *." At the time this charter was adopted and prior thereto, subdiv. 2 of Art. 1175, supra, a part of Chapter 147, supra, specifically granted such cities "the power * * * to provide for the extension of said boundary limits and the annexation of additional territory lying adjacent to said city, according to such rules as may be provided by said charter." The last quoted power to annex became a part of this charter by reason of its second section under the general rule of adoption or reference. Trimmier v. Carlton, 116 Tex. 572, 296 S.W. 1070, 1074, and authorities there collated; 82 C.J.S., Statutes, §§ 70, 71; 50 Am.Jur., Statutes, Secs. 36, 37.

The concluding clause of Section 1 of the charter provides "And all such powers, whether expressed or implied, shall be exercised and enforced in the manner prescribed by this charter, or when not prescribed herein, in such manner as shall be provided by ordinances or resolutions of the commission." This is the sole provision in the charter which deals with the mode or manner under which the city may exercise its powers embraced in the charter. Above quoted provision of Section 1 of the charter lodged in the city, acting through the City Commission, the legal authority to enact the ordinance, above set out, of April 5, 1946. This ordinance authorized the procedure for the enactment of the ordinance of April 13, 1953, under which this territory was annexed. Having complied with the procedure provided for in the ordinance of April 5, 1946, it is valid under the Constitution and the Statutes of Texas and the Charter. This conclusion finds some support in Rice Consolidated Common School Dist. No. 13 v. City of Tyler, Tex.Civ.App., 219 S.W.2d 558, where the validity of this ordinance though not attacked was recognized.

The decision in City of Corsicana v. Willmann, 147 Tex. 377, 216 S.W.2d 175, dealt with the construction of a clause with respect to annexation as therein expressed in the Charter and from the construction of such clause the Supreme Court concluded that Art. 974, R.C.S. of Texas, was to be observed. The other authorities cited by appellant deal with specific provisions as set out in the charter. Here the charter does not specifically spell out the power to annex nor the mode of annexation other than by reference to statutes to be executed by ordinances thereafter to be passed. Our legislature has lodged this vast unrestrained power of annexation in the hands of a few in the various home rule cities of Texas contrary to the limited and restricted power lodged in the great bulk of the cities of this nation. This court does not possess the power of legislation.

The judgment is affirmed.