**CITY OF PORT ARTHUR et al.,**
Appellants,

v.

**JEFFERSON COUNTY WATER CONTROL
AND IMPROVEMENT DISTRICT
NO. 5, Appellee.**

No. 10623.

Court of Civil Appeals of Texas.

Austin.

Jan. 7, 1959.

Rehearing Denied Jan. 28, 1959.

Jack C. Voyles, City Atty., Port Arthur, Hofheinz, Sears, James & Burns, Houston, for appellants.

Chester C. Young, Port Arthur, Cary Young, Beaumont, for appellee.

ARCHER, Chief Justice.

This is a suit for declaratory judgment brought in the District Court of Jefferson County, Texas, by appellants, the City of Port Arthur (herein called city), Lakeside Park, Ltd. and Jay's Mortgage & Finance Company, Inc. (herein called appellants), against appellee, Jefferson County Water Control and Improvement District No. 5 (herein called appellee or District), seeking a determination (1) that the city has the lawful right to contract with appellants to furnish water and sewerage to their subdivision located within the boundaries of both the city and the District, (2) that appellee has no lawful right to interfere with or prevent the city from furnishing such services to such subdivision, and (3) that there is no valid law granting appellee a monopoly to furnish water and sewer services to such addition.

The trial court refused appellants' Motion for Summary Judgment, filed with supporting affidavits, and granted appellee's Motion for Summary Judgment, filed without supporting affidavits. Appellants'

Motion for New Trial was duly presented and overruled.

The appeal is before this Court on two points and are as follows:

"Point One: Inasmuch as the lands in Appellee district comprising Appellants' subdivision has been annexed to the City of Port Arthur and Appellee has no water or sewage facilities therein the Trial Court erred in holding that Article 1182c–1, V.A.C.S., vests Appellee with the exclusive and monopolistic right to furnish such services to such area and the right to exclude the city from furnishing such services to such area.

"Point Two: Appellee having filed its First Amended Original Answer on August 8, 1957, and having served same on Appellants' counsel (from out of the city) on August 9, 1957 (the date of the hearing on both motions for summary judgment), said pleading asserting for the first time that Appellee had 'offered its water and sewer facilities to the Plaintiff land owners, but that land owners have refused to accept water and sewer service from Defendant,' the Court erred in overruling the 'motion to file supplemental affidavit to be· considered on Defendant's motion for summary judgment' of Appellants and the city and in refusing leave to them to file their First Amended Original Petition, said petition and the supplementary affidavit stating, that Appellee had refused to furnish water and sewer facilities to Appellants and that Appellee had no such facilities available to serve the area annexed."

. The City of Port Arthur is a "home rule" city operating under Article XI, Section 5, Constitution of Texas, Vernon's Ann.St., and the appellee is a water control and improvement district. Appellee has been organized for several years, and at the time of its organization its territory was adjacent to the City of Port Arthur.

·On March 8, 1956, appellants acquired title to a large tract of land adjacent to the city. The westerly 163 acres were located within the limits of the district. On June 26, 1956, acting under Section 4, Article I of its Charter, the City of Port Arthur extended its boundaries and limits so as to include all of appellants' tract of land.

The district neither owns, operates nor controls any water or sewer lines within the boundaries of the appellants' land, does not actually supply water or sewer services within that area, and has never actually supplied such services therein.

At all times material to this cause there were in effect Ordinance No. 1751 regulating the approval of plats of subdivisions and Ordinance No. 1752 regulating the furnishing of utilities to subdivisions.

On December 18, 1956, under authority of Article 974a, V.A.C.S., and Ordinance 1751, the City of Port Arthur gave final approval to a plat of a subdivision of appellants' land situated in both the district and the city under the name of Lakeside Park Unit No. 1.

On·March 25, 1957, appellees filed with the City Commission their application for classification of the subdivision as a "Class I" subdivision. The application was duly accepted by resolution adopted on May 16, 1957. The effect of the resolution was to obligate appellants to construct water and sewer lines and a sewage treatment plant in the subdivision in accordance with the ordinance prescribed specifications of the city and to construct· a trunkline to the subdivision, and to obligate the city to pay the cost of the water and sewer lines and trunklines out of gross revenues of services rendered to the subdivision. There was no obligation to make any repayment for the cost of a sewage treatment plant.

After approval of the subdivision and prior to the acceptance resolution, the district, on March 13, 1957, advised the city that unless it disclaimed any intention of furnishing water and sewer service to the

area comprising Lakeside Park Unit No. 1, the district would file suit to enjoin the city from so serving the area.

The controlling question is whether or not a "home rule" city, which has annexed part of the area of a water control and improvement district, vacant and unimproved, not served with water or sewerage by the district, can serve such area with water and sewerage.

■ The trial court construed Article 1182c–1, V.A.C.S., as preventing such service by the city.

This Article, in part, applicable to this case, is as follows:

"When less than all of the territory within any such district is so annexed, the governing authorities of such city and district shall be authorized to enter into contracts in regard to the division and allocation of duplicate and overlapping powers, functions and duties between such agencies, and in regard to the use, management, control, purchase, conveyance, assumption and disposition of the properties, assets, debts, liabilities and obligations of such district. Any such district is expressly authorized to enter into agreements with such city for the operation of the district's utility systems and other properties by such city, and may provide for the transfer, conveyance or sale of such systems and properties of whatever kind and wherever situated (including properties outside the city) to such city upon such terms and conditions as may be mutually agreed upon by and between the governing bodies of such district and city. * * *

"In the absence of such contract, such district shall be authorized to continue to exercise all the powers and functions which it was empowered to exercise and perform prior to such annexation, and the city shall not duplicate services rendered by the district within the district's boundaries without the district's consent, but may perform therein all other municipal functions in which the district is not engaged."

We do not believe that, since the district is not furnishing water and sewerage facilities to the area annexed by the city, that the district has a monoply in the district but that the city has the right and the duty to furnish such services to such annexed area, and the statute does not prohibit the rendition of such service by the city. Article 4477–1, V.A.C.S.; Bowie v. City of Houston, Tex.Civ.App., 259 S.W.2d 765, er. ref., n. r. e.; City of San Antonio v. Bexar Metropolitan District, Tex.Civ. App., 309 S.W.2d 491, er. ref.

There can be no duplication of services where there are no services to be duplicated.

Both the city and the district can continue to render their services and collect taxes in the annexed area.

It is stated in State ex rel. Richmond Plaza Civic Ass'n v. City of Houston, Tex. Civ.App., 270 S.W.2d 235, er. ref., n. r. e., that the reason the Legislature enacted Article 1182c–1 is to be found in Harris County Drainage District No. 12 v. City of Houston, Tex.Com.App., 35 S.W.2d 118; City of Pelly v. Harris County Water Control & Improvement District No. 7, 145 Tex. 443, 198 S.W.2d 450, 452.

Article 1182c–1 was enacted for the purpose of providing means to prevent double taxation and duplication of services, when a city takes over a district in its entirety. When part of the area is annexed the city and district are authorized to contract to permit the city to take over the assets and assume the debts and liabilities of the district.

But it was possible in some instances that an agreement could not be had, the statute was enacted to prevent waste by prohibiting duplication of services.

In the Pelly case, supra, the Court held

"To recognize that proposition in the jurisprudence of this state would mean that cities, which possess broad statutory police powers necessary to promote the public health and general welfare, could be wholly and permanently fenced in by governmental agencies such as respondents which are invested with very limited corporate functions and which have been said to be 'low down in the scale or grade of corporate existence.' Tri-City Fresh Water Supply Dist. No. 2 of Harris County v. Mann, 135 Tex. 280, 142 S.W.2d 945. We do not think it was ever intended that the growth of a municipal corporation could be thwarted in that fashion."

Appellee's Motion for Summary Judgment was not supported by attached affidavits of extrinsic evidence.

The appellee's motion was granted by the trial court, by oral announcement, and subsequently, but prior to entry of judgment, appellants sought leave to file their First Amended Original Petition and affidavit supporting such allegations as contained in the petition, alleging that they had sought water and sewer service from appellee but such had been refused, and that appellee did not have facilities available to serve appellants' property, which request after a hearing by the court, such leave was refused.

The granting of appellee's Motion for Summary Judgment was not justified. The purpose of a Summary Judgment proceeding is to eliminate unmeritorious claims and not to deprive litigants of a right to a full hearing and the rendition of such is to be exercised with great caution. Womack v. Allstate Insurance Company, Tex., 296 S.W.2d 233; Baxter v. Beaupre, Tex.Civ.App., 295 S.W.2d 718.

The judgment of the trial court is reversed and the cause is remanded.

Reversed and remanded.

HUGHES, J., not sitting.