JEFFERSON COUNTY WATER CONTROL AND IMPROVEMENT DISTRICT NO. 5 V. THE CITY OF PORT ARTHUR ET AL.

No. A-7205. Decided July 22, 1959.
Rehearing Overruled October 7, 1959.
(327 S.W. 2d Series 415)

*Chester C. Young & Cary Young,* of Port Arthur, *Frank M. Adams,* of Beaumont, for petitioner, Jefferson County Water Control and Improvement district.

The Court of Civil Appeals erred in holding that Article 1182c-1 does not confer on petitioner water district the exclusive right to serve the annexed territory with water and sewer service in the absence of a contract or consent, and the city of Port Arthur could engage in the same area in the same function and services as the district, without the consent of the district, or that there can be a duplicate of the services. Morris v. City of Waco, 57 Texas 635; City of Pelly v. Harris County Water Control & Imp. Dist., No. 7. 145 Texas 443, 198 S.W .2d 450; Lower Nueces Water Supply District v. Cartwright, 274 S.W. 2d 199.

*Jack C. Voyles,* of Port Arthur, *Will Sears, Robert L. Burns, Hofheinz, Sears, James* and *Burns,* all of Houston, for respondents.

MR. CHIEF JUSTICE HICKMAN, delivered the opinion of the Court.

This is a suit for declaratory judgment brought by the City of Port Arthur, hereinafter called City, Lakeside Park, Ltd., and Jay's Mortgage and Finance Company, Inc., herinafter called Developers, for the construction of Article 1182c-1, Vernon's Texas Civil Statutes. The construction sought by the plaintiffs, who are respondents in this court, was that the City has the lawful right to contract with the Developers to furnish water and sewerage service to a subdivision being developed by them, located within the boundaries of both the City and the District, and that the District has no lawful right to interfere with or prevent the City from furnishing such services to such subdivision. The Developers acquired a tract of 163 acres of land within the limits of the District, which they propose to subdivide and develop, and which was later annexed by the City. They desire to

contract with the City to supply the subdivision with water and sewerage service, and the City has agreed to do so. The District provides water and sewerage service to the improved and inhabited portion thereof, but the 163-acre tract is unimproved and uninhabited.

The trial court granted the District's motion for summary judgment, which judgment was reversed, and the cause remanded by the Court of Civil Appeals. 320 S.W. 2d 33.

The case turns upon the construction of Article 1182c-1, the relevant portions of which read as follows:

"When less than all of the territory within any such district is so annexed, the governing authorities of such city and district shall be authorized to enter into contracts in regard to the division and allocation of duplicate and overlapping powers, functions and duties between such agencies, and in regard to the use, management, control, purchase, conveyance, assumption and disposition of the properties, assets, debts, liabilities and obligations of such district. Any such district is expressly authorized to enter into agreements with such city for the operation of the district's utility systems and other properties by such city, and may provide for the transfer, conveyance or sale of such systems and properties of whatever kind and wherever situated (including properties outside the city) to such city upon such terms and conditions as may be mutually agreed upon by and between the governing bodies of such district and city * * * .

"In the absence of such contract, such district shall be authorized to continue to exercise all the powers and functions which it was empowered to exercise and perform prior to such annexation, and the city shall not duplicate services rendered by the district within the district's boundaries without the district's consent, but may perform therein all other municipal functions in which the district is not engaged."

The City and the District have never entered into a contract which would authorize the City to provide water and sewerage service for this section of the District. Since the section is not improved or inhabited, the District has laid no water or sewer mains thereon.

The statute, to our minds, is clear and unambiguous. In the absence of a contract with the District, the City is not authorized to enter into any of the territory of the District and duplicate

any of the service which the District is empowered to render. The statute expressly provides that in the absence of a contract the District shall be authorized to continue to exercise all of the powers and functions which it was empowered to exercise prior to such annexation, and the City shall not duplicate such services within the boundaries of the District without its consent. The fact that the undeveloped portion of the section of the District in this case is a large tract of 163 acres presents no question different from that which would be presented if the undeveloped portion were one acre. If the City has the right to provide this service at all in the absence of a contract with the District, it could pick out any small portion of the District where there are no water or sewerage lines and provide services for it. To prevent that confusion and duplication is clearly the purpose of the statute.

Our conclusion is that the City has no right to supply water and sewerage services to the tract of land in controversy, and that the trial court did not err in so ruling. To hold otherwise would render the last quoted paragraph of the statute meaningless.

The judgment of the Court of Civil Appeals is reversed, and that of the trial court is affirmed.

Opinion delivered July 22, 1959.

Rehearing overruled October 7, 1959.