**W. L. D. WINSHIP et al., Appellants,**

**v.**

**CITY OF CORPUS CHRISTI, Appellee.**

**No. 15.**

Court of Civil Appeals of Texas.

Corpus Christi.

Dec. 19, 1963.

Rehearing Denied Jan. 9, 1964.

Sidney P. Chandler, Allen Davis of Boone, Davis, Cox & Hale, Corpus Christi, for appellants.

Ike Singer, City Atty., James Ryan, W. D. Pilcher, Asst. City Attys., Corpus Christi, for appellee.

SHARPE, Justice.

This is an appeal from a summary judgment rendered in favor of the City of Corpus Christi, Texas, appellee, and from the order of the trial court refusing to grant the motion for summary judgment filed by some of appellants.

The suit involves two annexations of territory by the City of Corpus Christi in the years 1961 and 1962. It was instituted against the City by a group claiming to be property owners and taxpayers within the territory sought to be annexed. Another group intervened, claiming to be taxpayers and property owners within the former city limits. Nueces County Water Control & Improvement District No. 2 also intervened and thereafter plaintiffs amended, naming Nueces County Fresh Water Supply District No. 1 as an additional defendant. All of the said parties, except the City of Corpus Christi, appear herein as appellants, contending that the said annexations are invalid and that the trial judge should not have sustained the motion for summary judgment of the City upholding the same.

It appears from the record, and all parties agree, that there is no genuine issue as to any material fact and only questions of law concerning the validity of such annexations are presented on this appeal.

The record shows that the annexations of August, 1961, and September, 1962, included a portion, but not all, of Nueces County Water Control & Improvement District No. 2, and the annexation of September, 1962, included a portion, but not all, of Nueces County Fresh Water Supply District No. 1. The annexations were approved by the qualified voters of the City at separate elections held in 1961 and 1962, and ordinances were passed incorporating the new territory into the City of Corpus Christi.[1] Voting in such elections was not limited to the legally qualified property tax paying voters and there was no election held for the voters in the territory sought to be annexed. In neither of such elections was there submitted any proposition relating to the assumption of debt, expenditure of money, or issuance of bonds or lending of credit.

Appellants urge seven points of error in connection with the action of the trial court in granting summary judgment in favor of the City and in refusing their similar mo-

---

1. Ordinance No. 6206, passed on July 12, 1961, by the City Council of Corpus Christi, called an election to be held within the limits of said City on August 5, 1961. Ordinance No. 6242, passed on August 5, 1961, annexed the territory described therein to the City. Ordinance No. 6586, passed on August 1, 1962, called an election to be held within the limits of said City on September 15, 1962. Ordinance No. 6636, passed on September 19, 1962, annexed the territory described therein to the City of Corpus Christi, including that described in Ordinances Numbers 6206 and 6242.

tion. Appellee urges six counter-points for upholding the action of the lower court.

Appellants' points are so general that in order to determine the contentions made it has been necessary for us to refer to the statement and argument in connection therewith. Fambrough v. Wagley, 140 Tex. 577, 169 S.W.2d 478 (1943); Saldana v. Garcia, 155 Tex. 242, 285 S.W.2d 197 (1956). From such examination it appears that appellants' primary contention is that Article 1182a, Vernon's Ann.Civ.Tex.St., prescribed the method to be followed by the City in annexing territory, and since the City did not follow such method that the annexations are void.[2]

Appellants also contend that even if Article 1182a does not apply to the instant annexations, the voters participating in the elections must be qualified under Article VI, § 3 and § 3a, Texas Constitution, Vernon's Ann.St. that is, be legally qualified property taxpaying voters, where districts with bonded indebtedness are to be annexed; that Articles 1182a, 1182c–1, V.A.T.S., and equity require the City to assume its pro-rata part of the bonded indebtedness of the districts annexed; that the City Charter does not authorize annexation of parts of water districts by ordinance or without the

consent of the voters in the area to be annexed; and that the instant annexations amount to a taking of the property of appellants without due process of law in violation of the Constitutions of the State of Texas and of the United States, and are void.

We have concluded that all of appellants' contentions are without merit and should be overruled.

▪ The City of Corpus Christi, Texas, is a home rule city operating under the provisions of Article XI, § 5, Constitution of the State of Texas, commonly known as the Home Rule Amendment. A city of such class may exercise all of the legislative powers vested in it by the Constitution and laws of Texas and by the provisions of its charter, including the annexation of additional territory adjacent to it. Golston v. City of Tyler, 262 S.W.2d 518 (Tex.Civ. App., 1953, writ refused).

It is undisputed that the City did not attempt to effect the said annexations under Article 1182a, but that the same were conducted under provisions of the City Charter. The material portions of such charter provisions are set out below.[3]

2. Article 1182a provides, among other things, that where the City Commission of a home rule City initiates an order for an election under the terms thereof, the same shall include both the questions of annexation and assumption of bonded indebtedness and flat rates owing to a Water Control and Improvement District which is involved; and that such questions shall be voted on by the legally qualified property taxpaying voters within the city and those of the same class in the territory to be annexed, and that the annexations must carry by majority vote in each of said territories.

3. "Section 2. ANNEXATION.* The City of Corpus Christi is empowered to annex additional territory adjoining or lying adjacent to the City in the manner set forth in either of the following subsections (a), (b), or (c).
    "(a) The question of annexation of a given territory may be submitted to the

qualified voters of the City at an election duly called for such purpose; and if a majority of such qualified voters voting at such election favor the annexation of such territory, the same shall be annexed by ordinance of the City Council; and when any additional territory has been so annexed, the same shall be a part of the City of Corpus Christi and the property therein shall bear its pro rata part of the taxes levied by the City, and the inhabitants thereof shall be entitled to the rights and privileges of all the citizens, and shall be bound by the acts, ordinances, resolutions and regulations of the City. Such question of annexation of any given territory may be submitted to the qualified voters of the City at any time upon the majority vote of the members of the Council. The question of annexation of any given territory may come before the Council for consideration upon either (1) the will of the Council, or (2) the written recommendations of the

We hold that the City of Corpus Christi was not required to comply with the provisions of Article 1182a and was authorized to follow the provisions of its charter in connection with the annexations here involved. Article 1182a is not exclusive in its operation, but, on the other hand, is cumulative of established methods of annexing territory provided for by city charters. City of Pelly et al. v. Harris County Water Control & Improvement District 7 et al., 145 Tex. 443, 198 S.W.2d 450 (1946); City of Fort Worth v. State ex rel. Ridglea Village, 186 S.W.2d 323 (Tex.Civ. App., 1945, writ refused w. o. m.); Turner v. City of Beaumont, 197 S.W.2d 114 (Tex. Civ.App., 1946, writ refused n. r. e.); Allen v. City of Austin, 116 S.W.2d 468 (Tex. Civ.App., 1938, writ refused).

Article 1182c–1, V.A.T.S., enacted in 1957, contains provisions concerning annexation of less than all of the territory of water control and improvement districts and fresh water supply districts. Among other things, such statute provides that the governing authorities of the City and District in question may enter into contracts regarding division and allocation of duplicate and overlapping powers, functions and duties. Said statute further provides that in the absence of such contract, the district shall be authorized to continue the exercise of all its powers and functions which it had prior to annexation and the city shall not duplicate the services of the district within its boundaries without the district's consent. Article 1182c–1 clearly recognizes the right of the City to annex less than all of the water district or fresh water supply district without assumption of indebtedness or expenditure of money.

The validity of Article 1182c–1 has been upheld in the case of Forbes v. City of Houston, 304 S.W.2d 542 (Tex.Civ.App., 1957, writ refused n. r. e.); and it is specifically held therein that said Article does not violate § 3 and § 3a of Article VI, Texas Constitution. The last mentioned sections merely prescribe the qualifications of voters where the matter of assuming or creating indebtedness is actually submitted to the people. In the present case, there was no requirement and it was not necessary to submit such questions in connection with annexation and they were not submitted.

Our Supreme Court has recently passed upon a case where a city annexed part of a water district without resolving questions of indebtedness or expenditure of money. Jefferson County Water Control and Improvements District No. 5 v. City of Port Arthur, et al., 160 Tex. 136, 327 S.W.2d 415 (1959). It there appeared that a tract of land situated within a water control and improvement district had been annexed to the city under provisions of the city charter. The owners and said tracts wanted to subdivide it and agreed with the city that it should furnish water and sewer lines and service to said subdivision. The water district opposed this agreement and the city and others filed suit for declaratory judgment seeking a determination that the city had a lawful right to contract with the land owners to furnish such services and that the district had no lawful right to interfere with the city in furnishing the same. The Supreme Court rejected the city's contention and held under Article 1182c–1 that since there had been no agreement between the City and the water district concerning the furnishing of such services that the city had no right to undertake the same and that the statute was enacted to prevent waste by prohibiting duplication of services.

It is apparent that under Article 1182c–1 and the cases herein discussed that since the instant annexations did not cover all the territory of the two districts involved, there were no questions concerning assumption of indebtedness or expenditure of money or

Zoning and Planning Commission of the City, or (3) petition signed by not less than 1,500 qualified voters of the City, or (4) petition signed by not less than

10% of the qualified voters residing in the territory proposed to be annexed." (Sub-sections (b) and (c) are not material to this case.)

issuance of bonds or lending of credit which were required to be submitted to the voters at the elections held in 1961 and 1962. Such matters may be resolved at a later time and do not constitute impediments to annexations under the City Charter.

It should be pointed out that the present provisions of the charter of the City of Corpus Christi concerning annexation are not the same as those involved in the case of State ex rel. Wilkinson v. Self, Mayor of Corpus Christi, 191 S.W.2d 756 (Tex.Civ. App., 1945, no writ hist.), the charter having been thereafter amended. However, the Court pointed out, even then, there were two methods whereby the City of Corpus Christi might annex additional territory, one under its charter and the other under Article 1182a.

 Appellants' contentions that the instant annexations amount to a taking of their properties without due process contrary to state and federal constitutional provisions are not supported by the record and are without merit. The questions as to what property shall be embraced within a municipal corporation and taxation of same for municipal purposes present questions essentially political and which by the Constitution are to be determined by the Legislature; and, particularly, as to extension of boundaries, by cities operating under the Home Rule Amendment. The constitutional inhibition against taking private property for public use without compensation has reference solely to the exercise of the right of eminent domain and not to taxation for public use. State, ex rel. Pan American Production Co. v. Texas City, 157 Tex. 450, 303 S.W.2d 780 (1957); Norris v. City of Waco, 57 Tex. 635 (1882).

We, therefore, hold as follows: The City of Corpus Christi correctly and properly made the annexations in question under the provisions of its charter and was not required to comply with the provisions of Article 1182a, V.A.T.S. The City was not required to limit the voting in the annexation elections to the legally qualified property taxpaying voters as defined in § 3 and § 3a, Article VI, Texas Constitution. The City was not required to assume the indebtedness or properties of the districts involved, since only portions thereof were annexed. The questions involved were not required to be submitted both to the voters in the City and in the territory to be annexed. The instant annexations do not amount to a taking of appellants' properties without due process of law and are not in violation of either the Constitution of Texas or the Constitution of the United States of America.

The judgment of the district court is affirmed.