STATE of Texas, on the Relation of
O.G. DANNER, et al., Appellants,

v.

CITY OF WATAUGA, Appellee.

No. 2–84–048–CV.

Court of Appeals of Texas,
Fort Worth.

Oct. 4, 1984.

Gerald Summerford, Asst. Dist. Atty.,
Fort Worth, and Wilbur T. Knape, Hurst,
for appellants.

Wynn, Brown, Mack, Renfro & Thompson and Douglas R. Hudman, Fort Worth, for appellee.

Before FENDER, C.J., and ASHWORTH and BURDOCK, JJ.

## OPINION

FENDER, Chief Justice.

This is an appeal from the granting of a summary judgment in favor of City of Watauga, Texas in a quo warranto proceeding brought by The State of Texas on the relation of O.G. Danner, et al. The State and relators sought to enjoin the City of Watauga (City) from the collection of taxes upon property annexed to the City by an ordinance passed and adopted on first reading on December 27, 1982; and to have the trial court declare void seventeen other annexation ordinances which were enacted between January 5, 1971 and February 20, 1973; to enjoin the City from any further action or proceeding for final passage and adoption of the December 27, 1982 ordinance; to enjoin the City from exercising any jurisdiction over the property which was the subject matter of the seventeen numbered annexation ordinances; and to have the trial court "make a full determination and declaration of the City's boundaries." The City's motion for summary

judgment alleged that all of the relief sought in the quo warranto proceeding stemmed from and depends upon appellant's claim that the validation act, TEX. REV.CIV.STAT.ANN. art. 974d–28 (Vernon Supp.1984),[1] which became effective on August 27, 1979, was unconstitutional, and since the validation act's constitutionality has been upheld by the courts, there was no genuine and material issue of fact in dispute or to be decided in a trial. We affirm the granting of the motion for summary judgment.

Specifically, appellants attacked the annexation ordinances in question upon one or more of the following grounds:

A. Failure of the ordinance to comply with one or more provisions of Article 970a of the Revised Civil Statutes of Texas; and/or,

.B. Failure of the annexation ordinances to comply with the provisions of Article 974 and 974g of the Revised Civil Statutes of Texas regarding the requirement of a petition for annexation as a prerequisite to any annexation proceeding by general law city; and/or,

C. Allegations that territory annexed by the ordinances in question were not adjacent to nor contiguous to the City of Watauga as it existed at the time of the

---

1. Validation of incorporation and boundary lines; exceptions

Purpose: construction of Act

Section 1. This Act is to protect the public interest in confirmed and dependable boundaries and jurisdictions of municipalities. It shall be given the most comprehensive and liberal construction possible to achieve its remedial purpose.

Applicability

Sec. 2. This act applies to any city, town, or village that incorporated or attempted to incorporate under general law before January 1, 1975, and that has functioned or attempted to function as an incorporated municipality since the date of the incorporation, or attempted incorporation, including such a municipality that has adopted a home-rule charter.

Incorporation proceedings

Sec. 3. The incorporation proceedings of each municipality covered by this Act are validated in all respects as of the date on which they occurred. The proceedings may not be held invalid because the election or other pro-

ceedings related to the incorporation were not in accordance with law.

Boundary lines

Sec. 4. (a) The original boundary lines of each municipality covered by this Act and any extention of those boundaries adopted before January 1, 1975, are validated in all respects, even though the action adopting the original boundaries or an extension of them was not in accordance with law.

(b) Without limiting the generality of Subsection (a) of this section, it is expressly provided that an attempted annexation that occurred before January 1, 1975, may not be held invalid because it did not comply with the Municipal Annexation Act, as amended (Article 970a, Vernon's Texas Civil Statutes), or any other applicable law, or because the territory the municipality attempted to annex was not contiguous or adjacent to the then existing boundaries of the municipality, or because the municipality was not petitioned for annexation by the owners or residents of the annexed territory . . . . . . . .

passage and adoption of such annexation ordinance.

All other allegations and requests for relief made by the appellants depend entirely upon one or more of the annexation ordinances being found and held invalid upon one or more of the above three grounds.

■ It is clear that the intention of the legislature in the enactment of Article 974d–28 was to validate in all respects both the incorporation of any city, town or village and also to validate the original boundary lines established by such incorporation and any extension of those boundaries adopted prior to January 1, 1975, "even though the action adopting the original boundaries or an extension of them was not in accordance with law."

Attached to the City's motion for summary judgment is documentary proof that each of the annexation ordinances attacked was adopted between January 5, 1971 and February 20, 1973, except for the ordinance passed and adopted on first reading on December 27, 1982. The evidence presented in support of the motion for summary judgment included also a stipulation that "The Defendants' Motion for Summary Judgment is predicated entirely upon the premise that the various validation statutes cited in Defendants' Motion for Summary Judgment have acted to validate any and all factual or legal insufficiencies alleged and claimed to exist in Plaintiff's Original Petition."

Under these circumstances, the sole issue facing the trial court and hence, the controlling issue on appeal is whether or not validation statutes in general, and Article 974d–28 in particular, are constitutional.

Appellants present their points of error as follows:

1. Article 970a Vernons Annotated Civil Statutes, is applicable to the annexation proceedings in issue so as to make them null and void, and the trial court erred in not so holding.

2. The trial court erred in not holding Article 974d–28 to be unconstitutional.

3. The trial court erred in not holding that Article 974d–28 is unconstitutional as being retroactive and destructive of vested rights.

4. The trial court erred in not holding that the legislature is without power to condone and validate "fraud perpetrated by the purported City of Watauga, Texas ..."

5. The trial court erred in entering judgment in "absolute disregard of Defendant's stipulation ..."

6. The trial court erred in signing and entering a judgment "contrary to the Decision of the Court expressly stated in the Court's letter dated December 15, 1983 ..."

■ Appellant cites no authority nor submits argument under its fifth and sixth points of error and they are overruled. Appellant argues extensively and cites cases in an effort to show that the annexations in question were not in accordance with Article 970a, 974 and 974g, Vernon's Annotated Civil Statutes which are statutes governing annexation generally. Whether this be true or not, we are faced with the clear language of the validation statute that an "attempted annexation that occurred before January 1, 1975, may not be held invalid because it did not comply with the Municipal Annexation Act, as amended (Article 970a, Vernons Texas Civil Statutes), or any other applicable law ..." In other words, no matter what the alleged factual insufficiency or alleged violation of the Municipal Annexation Act or Article 974, the validation statute expressly addresses it in approving and validating all prior annexations, of which the ones under attack here are a part.

Regarding the legislature's power to enact validating legislation, our Supreme Court wrote in *Perkins v. State,* 367 S.W.2d 140 (Tex.1963):

"In considering the applicability of a validating act, this Court must acknowledge the principle that even though an act of

incorporation is void from its inception because of an unwarranted exercise of power or because of an entire absence of power, the Legislature may validate such act and make it live, for what the Legislature has the power to authorize, it has the power to ratify."

 Appellants' argument that such a statute is unconstitutionally retroactive as taking away or impairing vested property rights is not supported by any cited authority and on the contrary, we find it to be well settled that a property owner is afforded no constitutional right regarding the location or existence of municipalities. See *Hunter v. City of Pittsburgh*, 207 U.S. 161, 28 S.Ct. 40, 52 L.Ed. 151 (1907); *Superior Oil Co. v. City of Port Arthur*, 628 S.W.2d 94 (Tex.App.—Beaumont, 1981, writ ref'd n.r.e.), *appeal dism'd*, 459 U.S. 802, 103 S.Ct. 25, 74 L.Ed.2d 40 (1982). As to appellants' last claim that the annexations amount to an unconstitutional taking of property without due process, appellee points to cases in which it has been held that the constitutional inhibition against taking private property for public use without compensation has reference solely to the exercise of the right of eminent domain and not to taxation for public use. See *State v. Texas City*, 157 Tex. 450, 303 S.W.2d 780 (1957) and *Winship v. City of Corpus Christi*, 373 S.W.2d 844 (Tex.Civ. App.—Corpus Christi 1963, writ ref'd n.r. e.), *cert. denied* 379 U.S. 646, 85 S.Ct. 611, 13 L.Ed.2d 551 (1965).

We, therefore, find that appellee, City of Watauga, affirmatively proved that the seventeen annexation ordinances complained of are validated and in full force and effect. As to the more recent ordinance adopted on first reading on December 27, 1982, the only claim that it is not valid is based on the premise that the property then being annexed was not adjacent to or contiguous to validly existing boundary lines because such boundary lines had been established by the seventeen invalid annexations. Our finding to the contrary, that the seventeen annexations were valid, disposes also of the appellants' challenge of the December, 1982 annexation. Points of error one through four are overruled.

The judgment is affirmed.