CITY OF CORPUS CHRISTI, Appellant,

v.

Bernie ARNOLD et al., Appellees.

No. 357.

Court of Civil Appeals of Texas.

Corpus Christi.

Jan. 25, 1968.

Rehearings Denied Feb. 29, 1968.

I. M. Singer, City Atty., Charles J. Macmanus, Asst. City Atty., Corpus Christi, for appellant.

Sidney Chandler, Corpus Christi, for appellees.

## OPINION

GREEN, Chief Justice.

This suit involves certain problems of taxation arising out of the annexation by City of Corpus Christi of what we shall designate as the Flour Bluff area. For litigation concerning such annexation, see Pennington v. City of Corpus Christi, Tex. Civ.App., (1962), 363 S.W.2d 502, wr. ref. n. r. e., cert. denied, 375 U.S. 439, 84 S.Ct. 507, 11 L.Ed.2d 471; Winship v. City of Corpus Christi, Tex.Civ.App. (1963), 373 S. W.2d 844, wr. ref. n. r. e., cert. denied, 379 U.S. 646, 85 S.Ct. 611, 13 L.Ed.2d 551.

Appellees Mrs. Bernie Arnold and Jim J. Coffman, hereafter sometimes called plaintiffs, owning taxable property within such annexed area, filed suit against City of Corpus Christi, hereafter styled City, seeking judgment (1) removing cloud from title to their property, real and personal, located in such area by declaring void City's assessment and levy of taxes on such property for the taxable year 1963, and (2) for a partial refund for taxes for the years 1964, 1965, and 1966, allegedly paid City by plaintiffs under protest. City filed a cross-action for delinquent taxes for 1963.

After trial before the court without a jury, judgment was rendered for plaintiffs

declaring the 1963 assessment void and against City on its cross-action, but denying plaintiffs' prayer for any relief as to the 1964, 1965, and 1966 taxes. City duly excepted to and has appealed from the portion of the judgment declaring void the 1963 assessment and denying it recovery of 1963 taxes. Plaintiffs duly excepted to the portion of the judgment concerning the 1964, 1965, and 1966 taxes, and on this appeal have raised their point by cross-assignment of error.

On request of City for findings of fact and conclusions of law on the phase of the case dealing with the 1963 taxes, the court prepared and filed the following:

### "FINDINGS OF FACT

"NO. 1. City of Corpus Christi was enjoined by temporary injunction from exercising municipal jurisdiction over the Flour Bluff area for the period of time from February, 1962, to October, 1963.[1] "NO. 2. For the year, 1963, the attempted assessment of Plaintiff taxpayers property and subsequent action by board of equalization was done without giving Plaintiff taxpayers an opportunity to be heard.

"NO. 3. For the year, 1963, the attempted assessment of Plaintiff taxpayers property and subsequent action by board of equalization was done without giving Plaintiff taxpayers statutory notice or reasonable notice."

### "CONCLUSIONS OF LAW

"NO. 1. Defendant, City of Corpus Christi, did not have authority to levy taxes on Plaintiffs' property for the year, 1963, because such property was not within its jurisdiction as of January 1, 1963. Vernon's Ann.Civ.St. art. 1043; City of Austin v. Butler, [Tex.Civ.App.], 40 S. W. 340; Texas City v. J. L. Martin Investment Company, et al, [Tex.Civ.App.], 222 S.W.2d 139.

"NO. 2. For the year, 1963, attempted assessment of Plaintiffs' property by Defendant, City of Corpus Christi, and subsequent action by the board of equalization were void and invalid."

The primary issue in Pennington, supra, was whether City had a prior right to annex the Flour Bluff area, or whether certain residents had the prior right to incorporate the same area as a separate town. The trial court upheld the rights of the City, and entered judgment validating the annexation as of *August 5, 1961,* which was affirmed on appeal. However, the same judgment continued in full force and effect until final adjudication of the cause on appeal the temporary injunction theretofore issued forbidding the City to provide municipal services to the area. (Additional Fact Finding No. 9, supra.)

City provided no municipal services to the area and made no effort to put into effect any of its taxing procedures as to property therein so long as this injunction remained in effect. After the mandate in the Pennington case had been filed with the district clerk, the trial judge on a hearing entered his order on *October 1, 1963,* declaring dissolved and no longer in effect the injunction against the City's exercise of municipal authority within the annexed area. The record is conflicting as to whether the City actually furnished any municipal services to the area prior to January, 1964, and there is no finding on

---

1. This was amended by trial court (9th additional Finding of Fact) to read:
 "In City of Corpus Christi vs. Pennington, Cause No. 73192–B, in the 117th District Court of Nueces County, Texas, the Court granted judgment declaring that the City had validly annexed the so-called Flour Bluff Area, as of August 15, 1961, but continued in effect its injunction forbidding the City to provide municipal services to the area until the case was decided upon appeal to the Texas Court of Civil Appeals as stated in Plaintiffs' Exhibit No. 6."
 The date should be August 5, 1961, as shown by the judgment in evidence.

such issue. However, promptly on the entry of the above order, City's tax assessor sent into the area his appraisers and commenced the preparations of the tax rolls for 1963 on taxable property in the annexed territory. On December 26, 1963, at the call of the City tax assessor, the members of the City Equalization Board approved and signed the tax rolls on property including that of plaintiffs within the annexed area.

■ Appellant City by its 2nd and 3rd points attack the court's judgment and first conclusion of law that City did not have authority to tax the property in 1963 because such property was not within City's jurisdiction as of January 1 of that year. We agree with City contentions that under the court's amended fact finding No. 9, and in view of the judgment in Pennington and the decision in Winship, supra,[2] the annexed property was within the city limits of Corpus Christi on January 1, 1963, and was subject to taxation by proper and legal methods in the taxing process. The trial court cites Art. 1043, Vernon's Ann.Tex. Civ.St., and the City of Austin and Texas City cases, supra, as its authority for its first conclusion of law, supra. Art. 1043 provides that the rendition of property for taxation shall be as to such property as is within the city limits on January 1 of the taxable year; and the holdings in the City of Austin and Texas City cases, supra, were dependent on the fact that the properties there sought to be taxed were not in the city limits on January 1 of the year for which taxes were assessed. Under the facts of the present case, the cited cases are not in point, since the annexation was held to be valid since August, 1961, and the property sought to be taxed was within the city limits on January 1, 1963.

City further contends that because Corpus Christi is a home rule city operating under the provisions of Art. XI, § 5, Constitution of the State of Texas, Vernon's Ann.St., it may exercise all of the powers vested in home rule cities by the State Constitution and not expressly denied to it by the Legislature. State ex rel. Rose v. City of La Porte, Tex.Sup.Ct., 386 S.W.2d 782, 785; Forwood v. City of Taylor, 147 Tex. 161, 214 S.W.2d 282; Winship v. City of Corpus Christi, supra. Since the power to tax property within an area annexed after January 1 is not expressly denied to home rule cities by statute, City argues that it would be authorized to tax plaintiffs' property for 1963 regardless of whether it had jurisdiction over it on January 1, 1963. Neither of the cities in the two cases cited by the trial court in support of his 1st conclusion of law were home rule cities, and in the Texas City opinion, the court expressly stated that no question involving the taxing power of home rule cities was presented or decided in that case. However, in view of our above holding that the property sought to be taxed was within the city limits of Corpus Christi on January 1, 1963, and subject to taxation for that year, it is unnecessary that we pass on City's contention that as a home rule city, it was authorized to tax plaintiffs' property even though it may not have had jurisdiction over this property on January 1, 1963, as found by the trial court.

City's 1st, 4th, 6th and 7th points of error raise the proposition of whether the trial court was justified in concluding that because the assessment of plaintiffs' property and subsequent action by the Board of Equalization was done without giving plaintiffs an opportunity to be heard, and without giving statutory or reasonable notice (fact findings Nos. 2 and 3), such attempted assessment and the action of the board were void and invalid (conclusion of law No. 2). City says that under the provisions of its charter and the applicable laws, it was not required, once it was freed from the court's injunction, supra, to give plain-

2. Ordinance 6242 mentioned in Winship, footnote, p. 845, was the annexation ordinance litigated in Pennington.

tiffs as property owners within the city any notice of the actions of the tax assessor and the Board of Equalization, and that the findings of the trial court of no notice were immaterial to any issue in the cause. Because of the unusual relation existing between the City and the property owners caused by the prior litigation, the delay caused by the injunction in the taxing authorities taking action in 1963 until after the times fixed by the city charter for it to do the things necessary to be done in the taxing process and other factors, we do not agree, and we sustain the conclusion reached by the trial court.

Plaintiffs did not at any time in 1963 render their property to City for taxation, as property owners within the City were required to do under the city charter. Article VII, § 3 of the charter provides that in case of non-rendition, the tax assessor shall ascertain the value and place the property on the tax roll. After the property had been placed on the roll, it was the duty of the Board of Equalization to supervise the assessment of property; only in the event the board proposes to raise the value is there any provision for notice to the taxpayer. Section 4 of Article VII of the charter requires the Board of Equalization to examine and equalize the value of all property on the tax assessor-collector's lists or books, and to approve and return them in the manner provided by law, and to complete its labors not later than *September first* of each year.

In this instance plaintiffs were contending that the annexation was invalid to and including January 4, 1964, when the Supreme Court of the United States denied writ of certiorari in the Pennington case. As a result, as stated above, they did not render their property for taxation by City. City felt it was bound by the injunction to take no steps to assess plaintiffs' property. Hence, the assessor did not place their taxable property on the unrendered rolls and the Board of Equalization did not pass upon any assessment of this property with-

in the time specified in the charter, but upon finishing its labors the board adjourned not later than September 1st. The property of plaintiffs was therefore not shown on the tax rolls of City for taxation purposes either during the period of time the law requires property to be listed for taxes, or at the time the Board of Equalization adjourned. Later, on December 26, 1963, on telephone conversation to the members by the tax assessor-collector without any action having been taken by the City Council, the board approved the tax rolls on plaintiffs' property as prepared since October 1st by the assessor.

■ We agree with City that the fact that the Board of Equalization did not reconvene and approve the tax roll containing plaintiffs' property before December 26 would not, in and by itself, invalidate the assessment. Blewett v. Richardson Independent School Dist., Tex.Civ.App., 230 S.W. 255, aff'd Tex.Com.App., 240 S.W. 529. But we believe that under the facts here presented plaintiffs were entitled to notice of such irregular meeting which was held at a time and in a manner other than that provided by law. We further believe that the action of the members of the Board of Equalization in assembling on phone call of the assessor, and approving the rolls on December 26 without giving plaintiffs any notice or opportunity to be heard is, under the special facts of this case, similar in legal principle to back-taxing, and as a result void as to these plaintiffs, and that the trial court was justified in so holding. Republic Ins. Co. v. Highland Park Independent School Dist., 141 Tex. 224, 171 S. W.2d 342, 344.

City, in support of the validity of its 1963 tax assessments, argues further that the introduction of the tax rolls into evidence together with evidence of non-payment of taxes created a *prima facie* case that it had complied with the necessary requirements of the levy and assessment of the taxes, and that the burden there was

on plaintiff to prove some illegal procedure, citing City Charter, Art. VII, § 5; Arts. 7336 and 7336F, V.A.T.S.; Vol. 54, Tex. Jur.2d, Taxation, § 173; City of San Marcos v. Zimmerman, Tex.Civ.App., 361 S.W. 2d 929, wr. ref. n. r. e.; City of Houston v. McCarthy, Tex.Civ.App., 371 S.W.2d 587. Here under the trial court's findings and conclusions any *prima facie* case established by the introduction of the rolls was overcome by the other evidence in the case.

█ City also contends that any defects in the proceedings involving the 1963 taxes were validated by Sec. 3 of Art. 1174a–8, V.A.T.S., effective May 18, 1965. Such statute by its own terms is not applicable to proceedings relating to annexation of territory. The controversy here litigated developed from and relates directly to the annexation of property by a home rule city, and the statute is not applicable.

We hold that the trial court was not in error in its conclusion of law that the attempted assessments and the action by the Board of Equalization were void and invalid, based on his fact findings Nos. 2 and 3 of lack of notice to plaintiffs, and we overrule City's points 1, 4, 6 and 7.

█ We have considered City's points of error which concern the trial court's failure to make certain additional fact findings requested by the City. Some of the requested findings were on matters which were not disputed, and no findings were necessary. Smith v. Brown Express, Tex.Civ. App., 343 S.W.2d 550, wr. ref. n. r. e. Other reqeusted findings were on evidentiary matters as distinguished from controlling issues, and the trial court is required to make findings only on ultimate, controlling, material issues. Wade v. Taylor, Tex.Civ. App., 228 S.W.2d 922, n. w. h.; Moore v. Campbell, Tex.Civ.App., 254 S.W.2d 1018, wr. ref. n. r. e. All of such points are overruled.

Appellee's cross assignment of error reads as follows:

█

"This record shows without dispute that for many years the CITY OF CORPUS CHRISTI, by a deliberate adoption of a plan for the omission from the tax rolls of a large volume of property subject to City taxation, is in direct contravention of the constitutional and statutory provision for equality and uniformity of taxation, as required by *Article VIII, Section 1, Constitution of Texas, Vernon's Annotated Statutes of Texas*, and *Article 7174, Vernon's Annotated Civil Statutes of 1925,* as amended, and the trial court erred in not so holding."

The plaintiffs in their amended petition alleged that the appellant City, for the years 1963–1966 inclusive, in the assessing and valuation of property within City's boundaries at the time of making up the tax rolls and records each year, deliberately, intentionally, systematically and willfully excluded certain types and classes of taxable property within the City subject to taxation, including large volumes of money, notes, stocks, bonds, securities, household furniture, automobiles and other property described in detail. It was further alleged that by reason of such system of exempting taxable property, plaintiffs had paid, under protest, certain excess taxes for the years 1964, 1965, and 1966. The pleading is in detail, and plaintiff sought judgment for such excess taxes paid by them under protest. The trial court expressly found in his judgment "that the proof offered by Plaintiffs and Cross-Defendants cannot sustain a judgment as sued for in Plaintiffs' First Amended Original Petition against the City of Corpus Christi for a recovery of alleged excess taxes paid during the years 1964, 1965, and 1966" and rendered judgment denying plaintiff recovery therefor.

No findings of fact or conclusions of law were requested on this phase of the case, and other than as above quoted from the judgment, none were filed. At most, it became a fact issue as to whether plaintiffs paid their 1964, 1965, and 1966 taxes under a protest that such taxes were discrimina-

**498** ■ 

tory and illegal, and it is to be assumed that the trial court, as the trier of facts, found that fact issue against plaintiffs, as well as all other material facts placed in issue. Thus we have here a case of plaintiffs having paid their taxes, and now suing to recover them back claiming a discriminatory, arbitrary and illegal system of taxation by the taxing authority.

■ Once a tax plan has gone into effect, in order for a property owner to successfully attack such plan on the ground that the taxing agency has omitted certain classes of property from taxation the taxpayer must assume the onerous burden of proving:

(1) That there was an actual omission of taxable property from the tax rolls;

(2) That the omission of said taxable property was the result of a deliberate and arbitrary illegal plan or scheme to exclude taxable property from taxation;

(3) That the omission resulted in substantial injury, in hard dollars, to the taxpayer, and the extent of such injury. State· v. Whittenburg, 153 Tex. 205, 265 S.W.2d 569; City of Arlington v. Cannon, 153 Tex. 566, 271 S.W.2d 414; Whelan v. State, 155 Tex. 14, 282 S.W.2d 378; State v. Federal Land Bank of Houston, 160 Tex. 282, 329 S.W.2d 847; Bass v. Aransas County Independent School District, Tex.Civ.App., 389 S.W.2d 165, wr. ref. n. r. e.; Wilson v. City of Port Lavaca, Tex.Civ.App., 407 S.W.2d 325, wr. ref. n. r. e.; City of Orange, Texas v. Levingston Shipbuilding Co., 5 Cir., 258 F.2d 240.

■ We have given careful consideration to the evidence relevant to this cross-assignment, and conclude that the trial judge as the trier of the facts as well as the law did not commit error in his judgment denying plaintiffs' prayer for relief as to the 1964, 1965 and 1966 taxes.

The cross assignment is overruled.

The judgment of the trial court is reformed in so far as it holds that the City

had no jurisdiction to levy and assess taxes on the subject property for the year 1963, it being the judgment of this Court that City did have the legal right and jurisdiction to levy and assess taxes on such property for 1963, but that the assessment against plaintiffs' property was invalid for the reasons herein stated. Otherwise, the judgment appealed from is affirmed.

Reformed and affirmed.