COURT
OF APPEALS

                                                  EIGHTH
DISTRICT OF TEXAS

                                                               EL
PASO, TEXAS

 

APPRAISAL REVIEW BOARD OF THE        )

EL PASO COUNTY CENTRAL APPRAISAL )

DISTRICT, EL PASO CENTRAL                    )

APPRAISAL DISTRICT, CANUTILLO          )

INDEPENDENT SCHOOL DISTRICT,          )

EL PASO COUNTY, EL PASO COUNTY        )

COMMUNITY COLLEGE DISTRICT,           )

EL PASO COUNTY HOSPITAL DISTRICT,  )

EL PASO COUNTY EMERGENCY                 )

SERVICES DISTRICT 2, EL PASO
COUNTY      )                   No.  08-01-00223-CV

WATER CONTROL AND IMPROVEMENT )

DISTRICT (WESTWAY), and REGION XIX  )                 
Appeal from the

EDUCATION SERVICE CENTER,                 )

TRUSTEE FOR EL PASO COUNTY                )           County Court at Law #5

EDUCATION DISTRICT,                                 )

                                                                              )         
of El Paso County, Texas

Appellants,                       )

                                                                              )                   (TC# 94-3789)

v.                                                                           )

                                                                              )

HELEN A. FISHER, As Personal                          )

Representative of NOEL B.
FISHER, Deceased,   )

and
As Executive Trustee of the BEJORKA           )

TRUST,                                                                 )

                                                                              )

Appellee.                           )

                                                                              )

 

O P I N I O N

 








Appellants
Appraisal Review Board of the El Paso Central Appraisal District, El Paso
Central Appraisal District, Canutillo Independent School District, El Paso
County, El Paso County Community College District, El Paso County Hospital
District, El Paso County Emergency Services District 2, El Paso County Water
Control and Improvement District (Westway), and
Region XIX Education Service Center, Trustee for El Paso County Education
District appeal the judgment granted against them.  Appellants have raised fifteen issues.  We affirm.

Noel B. Fisher[1]
acquired in 1977 warranty deeds to property in El Paso County from Tom and Ann
Rose in return for personal services, such as mowing the yard and chauffeuring
Mr. Rose.  Mr. Fisher recorded the
deeds in El Paso in 1984, when he felt he had fulfilled his obligations to the
couple.  The deeds show Mr. Fisher=s address as 2835 West Solano Drive in
Phoenix, Arizona.  Mr. Fisher had
continuously resided at that address, even at the time of his testimony.  He received no notices on taxes or appraisals
on the property after recording the deeds.

Before he began
selling parcels of the property around 1990, Mr. Fisher was involved in
lawsuits to clear title to the property from 1984 to 1992.  In 1989, he sent a letter to the El Paso
County Tax Assessor to discover the amount of back-taxes and visited the tax
offices several times and showed them his deeds.  He received no response to his inquiry, and
he was not listed on the tax roll.








After Mr. Fisher
began selling the lots, the purchasers began to receive notices of delinquent
taxes shortly after recording their deeds. 
Concerned, Mr. Fisher made complete refunds to the purchasers and
contacted the tax office to (1) begin making monthly payments on the taxes and
(2) stop the delinquency notices being issued to the purchasers.  The parties apparently made an oral agreement
that no delinquency notices would be sent to the purchasers of the property so
long as Mr. Fisher continued to make monthly payments.  Although Mr. Fisher made monthly payments,
the tax office continued to send delinquency notices, which alarmed his
purchasers, who became fearful they would be responsible for the large amount
of back taxes and some of them either reduced or threatened to not make their
payments.

On April 17, 1995,
the tax office informed Mr. Fisher that they had filed a suit against him for
delinquent taxes.  Thence began the legal
conflict culminating in the suit below. 
After hiring George Sanchez, a tax consultant, in June 1993, Mr. Fisher
learned he was still not listed on the tax rolls and of the dramatically
increased valuations on his property. 
From 1984 to 1985, the appraisal valuation on the property had risen
significantly, so much so that on one of the lots on the property (Lot 2, Block
4), the value increased from $1,969 to $5,908. 
Mr. Sanchez disputed the increase in the value, because the undeveloped
lots had no activity on them.  There were
very few houses up until 1992 and no water, sewer, paved roads, or electricity
when Mr. Fisher went out to observe the property in 1978.

Through Mr.
Sanchez, Mr. Fisher approached the Appraisal Review Board to apply the 1984
valuation to the property, since the appraisal had been increased without
notice to Mr. Fisher and to place his name on the tax rolls.  The Board denied relief on the appraisal
demand but did place Mr. Fisher=s
name on the tax rolls for 1993 and future years.  Mr. Fisher then filed suit in the trial court
to obtain relief for the denial of due process and to seek refund for overpaid
taxes.  At the bench trial, the trial
court rendered judgment for Mr. Fisher, finding variously that he had been
denied due process in not receiving notice of increased appraisal valuation for
his property in 1984 and was due a refund of overpaid taxes.  








DISCUSSION

Appellants have
founded their argument in all fifteen issues upon the premise that the Texas
Tax Code is the exclusive remedy for a taxpayer seeking redress for violations
of his/her due process rights.  We follow
the Appellants= lead and
regroup the fifteen issues into three parts. 
Part I is a discussion of Issue One, which challenges the trial court=s jurisdiction over the case.  In Part II are Issues Two through Nine, complaining of trial court=s
various conclusions of law finding violation of due process and refusal to
apply voluntary payment rule.  Part III
addresses Issues Ten through Fifteen, which contend
the trial court wrongly assessed and awarded damages, including attorney=s fees.

PART
I:  Jurisdiction (Issue One)

Because any
decision rendered by a trial court without jurisdiction is void, we must first
decide whether the trial court had the jurisdiction to hear the case.

Standard
of Review

Whether the trial
court had the jurisdiction to hear a case is a matter of law and is reviewable under the de novo standard.  County of El Paso v.
Dorado, 33 S.W.3d 44, 46 (Tex.App.--El Paso 2000,
no pet.).  A trial court=s judgment is binding when it has
jurisdiction over the parties or property, jurisdiction of the subject matter
of the suit, jurisdiction to enter the particular judgment, and the capacity to
act as a court.  State
ex rel. Latty v. Owens,
907 S.W.2d 484, 485 (Tex. 1995). 
Subject matter jurisdiction involves the kinds of controversies a court
has the authority to resolve.  Davis v. Zoning Bd. of Ajustment of
City of La Porte, 865 S.W.2d 941, 942 (Tex. 1993).  Subject matter jurisdiction cannot be
waived.  Tex. Ass=n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 443-44 (Tex.
1993).








The
Tax Code

Under Section
42.21 of the Tax Code, a taxpayer may appeal an unfavorable decision of the
appraisal review board to the district court. 
Tex.Tax Code Ann. '
42.21(a), (b)(Vernon 2001).  However, the taxpayer must comply strictly
with the statute in order to successfully file an appeal; else, the court loses
jurisdiction over the case.  Tex.Tax Code Ann. '
42.21(a), (b); Harris County Appraisal Dist. v. Drever
Partners, Inc., 938 S.W.2d 196, 197-98 (Tex.App.--Houston
[14th Dist.] 1997, no writ); Poly-America, Inc. v. Dallas County Appraisal
Dist., 704 S.W.2d 936, 937-38 (Tex.App.--Waco
1986, no writ).  The version of Section
42.21 applicable to this case required Appellee to
file a petition against the appraisal district within forty-five days after
receiving the notice that the appraisal review board had entered a final, appealable order.  Tex.Tax Code Ann. '
42.21(a) and (b)(historical note Act of May 26, 1989, 71st Leg., R.S., ch. 796, '
44, 1989 Tex.Gen.Laws
3604-05; Act of August 25, 1991, 72nd Leg., 2nd C.S., ch.
6, ' 54, 1991 Tex.Gen.Laws 38).  

Application








Mr. Fisher
recorded his deeds to the Westway lots in 1984.  The property=s
appraisal value was increased in 1985. 
Although he apparently contacted the appraisal district to discover the
amount of the unpaid taxes in 1989, he never received a notice that the
property=s
appraisal had increased in 1985 and only learned of the increase value in 1993,
when he had begun selling the lots.  That
same year, Mr. Fisher protested the increased appraisal value to the appraisal
review board, which ultimately rendered an unfavorable decision for him.  Mr. Fisher then filed a petition against the
Appraisal Review Board on April 1, 1994, and did not amend the petition to
include the appraisal district until December 9, 1997, more than three years
after filing the first petition.

Undoubtedly, under
the tax code, the trial court did not have subject matter jurisdiction over the
case; however, courts have historically asserted jurisdiction over suits where
a taxpayer alleges violations of his/her constitutional rights.[2]  See Republic Ins.
Co. v. Highland Park Indep. Sch. Dist., 141 Tex. 224, 227-28, 171 S.W.2d 342, 344
(1943); County of Bexar v. Southoaks Dev. Co.,
Inc., 920 S.W.2d 330, 335-36 (Tex.App.--San
Antonio 1995, no writ); Inwood Dad=s Club, Inc. v. Aldine Indep. Sch. Dist., 882 S.W.2d 532, 537-38 (Tex.App.--Houston [1st Dist.] 1994, no writ); City
of Houston v. Harris County Outdoor Adver. Ass=n, 879 S.W.2d 322, 334 (Tex.App.--Houston [14th Dist.] 1994, writ denied), cert.
denied, 516 U.S. 822, 116 S.Ct. 85, 133 L.Ed.2d
42 (1995); New v. Dallas Appraisal Review Bd., 734 S.W.2d 712, 714 (Tex.App.--Dallas 1987, writ denied); Garza v. Block Distrib. Co., Inc., 696 S.W.2d 259, 262 (Tex.App.--San Antonio
1985, no writ); City of Corpus Christi v. Arnold, 424 S.W.2d 492, 496 (Tex.Civ.App.--Corpus
Christi 1968, writ ref=d n.r.e.); and City
of El Paso v. Howze,
248 S.W. 99, 100-01 (Tex.Civ.App.--El Paso 1923, writ
ref=d).








Mr. Fisher sought
declaratory judgment to void taxes assessed by Appellants from 1984 through
1992 for the failure to notify him of increased appraisal values in violation
of the Texas and U.S. Constitutions. 
Because Mr. Fisher alleged there was no delivery of notice of the
increased appraisal, Appellants did not gain jurisdiction over him, the
appraisal was subject to challenge at any time or place, outside of the
statute, and the trial court had the jurisdiction to hear the case.  See New, 734 S.W.2d
at 714; Garza, 696 S.W.2d at 262. 
We overrule Appellants=
first issue.

PART
II:  Challenges to Conclusions of Law
(Issues Two through Nine)

Standard
of Review

The trial court=s conclusions of law are not binding on
the reviewing court; instead, we are free to draw our own legal
conclusions.  Dechon v. Dechon, 909 S.W.2d 950, 954-55 (Tex.App.--El
Paso 1995, no writ).  A trial court=s
conclusions of law are reviewable under the de
novo standard.  Walker
v. Packer, 827 S.W.2d 833, 840 (Tex. 1992).

Issues
Two through Five:  Due Process

In Issues two
through Five, Appellants challenge the trial court=s
first three conclusions of law finding the taxes and penalties void and the
denial of due process to Mr. Fisher.

Trial
Court=s
Conclusions of Law Nos. 1, 2, and 3

The trial court
made the following conclusions of law:

1.         The 1985-1992 taxes upon the
Properties, having been imposed without notice to FISHER, are void.  D & M Vacuum Service,
Inc. v. Zavala County Appraisal District, 812 S.W.2d 435, 438 (Tex.Civ.App.--San
Antonio 1991, no writ). 
It is as if no tax had ever been assessed.

 

2.         All penalties added to the void tax,
are similarly void because they were imposed without notice to FISHER.  Such penalties include the 6% penalty imposed
February 1 of the year following the tax year, the 6% imposed July 1 of the
year following the tax year, and the 15% collection fee imposed in July of the
year following each tax year.  Such
penalties were also waived when the tax bills that were returned
non-deliverable, were not re-sent to FISHER within twenty day, at the address
he had furnished to CENTRAL APPRAISAL DISTRICT. 
Property Tax Code ' 33.011(b).

 








3.         FISHER was not afforded any opportunity
to be heard as to increased tax valuations of the Properties, before the
Appraisal District approved the tax roll. 
He was therefore denied due process. 
City of El Paso v. Howze,
248 S.W. 99 (Tex.Civ.App.--El Paso 1923, writ ref=d).

 

Requirements
of Due Process

Collection of a
tax constitutes a deprivation of property; therefore, a taxing unit must
afford a property owner due process of law. 
McKesson Corp. v. Div. of Alcoholic Beverages &
Tobacco, Dept. of Bus. Regulation of Florida, 496 U.S. 18, 36-7, 110 S.Ct.
2238, 2250-51, 110 L.Ed.2d 17 (1990).  Due process, at a minimum, requires notice
and a fair opportunity to be heard prior to a deprivation of a protected
property interest.  Id.  A taxpayer is denied due process when his
property is encumbered with an additional tax lien without the opportunity to
be heard.  Garza, 696 S.W.2d at 262. 
Without such opportunity, any increase in the appraisal value is a void
act.  Republic Ins. Co., 171 S.W.2d at 344; City of Corpus Christi, 424 S.W.2d
at 496.

Application








Appellants
stipulated that Mr. Fisher received no notice of the increase in the appraisal
value from 1985 through 1992, and further, was not even listed in the tax roll,
although he had recorded his deed to the property in 1984.  The law unambiguously prohibited the taxing
authorities from increasing the appraisal value without due process, which
required notice to Mr. Fisher of the appraisal and an opportunity to be
heard on the raise.[3]  Since it is undisputed that Mr. Fisher
neither received notice nor had an opportunity to contest the appraisal, he was
denied due process, and any taxes and penalties assessed from the appraisal is
void.  The trial court did not err in
making its first, second, and third conclusions of law.  We overrule Appellants=
second, third, fourth, and fifth issues.

Issues
Six through Nine:  Voluntary
Payment Rule

Appellants argue
in issues six through nine that the trial court erred in finding in the fourth,
ninth, and tenth conclusions of law that the voluntary payment rule does not prohibit
Appellee from recovering the taxes and penalties
paid.

Trial
Court=s
Conclusions of Law Nos. 4, 9, and 10 

The trial court
made the following conclusions of law:

4.         The void taxes, as a matter of law,
could not have been, and were not validated by any conduct of FISHER of any
other event, subsequent to their attempted imposition by the APPRAISAL REVIEW
BOARD and/or CENTRAL APPRAISAL DISTRICT. 
French Independent School District v. Howth, 134 S.W.2d 1036 (Tex.Comm.App.--1940,
opinion adopted); Commander v. Bryan, 123 S.W.2d 1008, 1015 (Tex.Civ.App.--Ft. Worth 1938); Wamsley
v. Champion Rfg. & Chemicals, Inc., 11 F.3d
534, 539 (5th Cir. 1993).  See also Mapco, Inc. v. Forrest, 795 S.W.2d 700, 703 (Tex.Sup. 1990), on the difference between >void=
(no jurisdiction) and >voidable=
(erroneous).

 

.               .               .

 

9.         The payments upon void taxes in this
case are not subject to the rule that illegal taxes, paid voluntarily, cannot
be recovered.  The taxes were void and do
not qualify as >illegal= taxes. 
The Court here follows those Texas cases which have indicated the
voluntary payment rule should not be applied to taxes imposed without due
process.  Salvaggio v. Houston
Independent School District, 752 S.W.2d 189, 193 (Tex.Civ.App
[14th Dist.] 1988; Frost v Fowlerton Consolidated
School District #1, 111 S.W. 2d 754, 756-757 (Tex.Civ.App.--Beaumont
1937); National Biscuit Co. v. State, 135 S.W.2d 687, 694-695.  (Tex.Sup.
1940).

 








10.       Even if the 1985-1992 taxes FISHER paid
were merely illegal, as opposed to void, the Court heard all of the evidence
offered on the issue of whether his payments were voluntary.  The Court finds that if the voluntary payment
rule were to apply, FISHER=s
payment of them was made under implied duress, to prevent damage (financial
loss) to his property sales business. 
The Court here follows the totality of circumstances test of what
constitutes business duress, set forth in Crow v. City of Corpus Christi,
209 S.W.2d 922, 924 (Tex.Sup. 1948):  >[T]he
question is one to be determined from the particular circumstances under which
the payments are made.=

 

Voluntary
Payment Rule

Voluntary payment
of an illegal tax will not support a claim for repayment.  Camacho v. Samaniego, 954 S.W.2d 811, 825 (Tex.App.--El
Paso 1997, writ. denied). 
However, when the taxing authority violates a taxpayer=s right to due process, the tax imposed
and paid is considered void, and the voluntary payment rule does not
apply.  Republic Ins. Co., 171 S.W.2d at 344; Salvaggio
v. Houston Indep. Sch.
Dist., 752 S.W.2d 189, 192-93 (Tex.App.--Houston
[14th Dist.] 1988, writ denied)(taxpayers had
opportunity to contest the tax penalty before payment; thus, the voluntary
payment rule could apply without a violation of due process); Garza, 696
S.W.2d at 262; and City of Corpus Christi, 424 S.W.2d at 496.

Application

We have already
held that (1) Mr. Fisher was denied due process when Appellants failed to send
him notice of the increased appraisal values and denied him an opportunity to
be heard and (2) any taxes and penalties from the increased appraisal value are
void.  The voluntary payment rule does
not apply to void taxes; thus, there is no need to reach Issues Eight and
Nine.  We find no error in the trial
court=s fourth,
ninth, and tenth conclusions of law. 
Appellants= sixth,
seventh, eighth, and ninth issues are overruled. 








PART
III:  Damages (Issues Ten through
Fifteen)

Waived
Issues (Issues Ten, Eleven, and Thirteen)

Issues Ten and Eleven allege the trial court applied incorrect
measure of damages as calculated by George Sanchez=s,
Mr. Fisher=s expert
and a tax consultant.  Appellants made no
objections to Mr. Sanchez testimony on February 21, 2000 which (1) described
his accounting methodology and (2) concluded Mr. Fisher had paid off delinquent
taxes by July 29, 1994, and actually had overpaid.  It was not until the next day, when Mr.
Fisher offered Mr. Sanchez=s
accounting compilation into evidence (from which he had been testifying the day
before), that Appellants objected and only to the offering of the records into
evidence.  The trial court admitted the
exhibits subject to Appellants=
review and overruled other objections. 
Appellants did not seek a running objection to Mr. Sanchez=s testimony nor did they object during
his continuing testimony on the amount of refund due Mr. Fisher.  To preserve error for complaint on appellate
review, the complaining party must have made a timely objection and
obtained a ruling.  Tex.R.App.P. 33.1(a).  Since Appellants did not timely object to Mr.
Sanchez=s
testimony, any error concerning the methodology of accounting is waived.  Issues Ten and Eleven are overruled.

Appellants have
not supported their thirteenth issue with appropriate citations to the
authorities and record nor presented any argument.  Texas Rules of Appellate Procedure 38.1(h)
states the brief must contain a clear and concise argument with
appropriate citations to authorities and the record; otherwise, the issue is
waived.  Tex.R.App.P. 38.1(h); Leyva v. Leyva, 960
S.W.2d 732, 734 (Tex.App.--El Paso 1997, no writ).  We overrule Appellants=
thirteenth issue.

 








No-Evidence
for Refund of Taxes as Damages (Issue Twelve)

In their twelfth
issue, Appellants argue there is no evidence to support the trial court=s finding that Mr. Fisher is due a
refund of $214,624.14 in overpaid taxes.

Standard
of Review

In a bench trial,
the trial court=s findings
of fact and conclusions of law have the same effect as a jury verdict on
special issues.  City
of Clute v. City of Lake Jackson, 559 S.W.2d 391, 395 (Tex.Civ.App.‑‑Houston
[14th Dist.] 1977, writ ref=d
n.r.e.). 
When presented with a Ano
evidence@ or legal
sufficiency challenge, a reviewing court will consider the evidence in the
light most favorable to the finding, disregarding all evidence and inferences
to the contrary.  Stafford
v. Stafford, 726 S.W.2d 14, 16 (Tex. 1987).  If there is more than a scintilla of evidence
to support the questioned finding, the no evidence point fails.  Stafford, 726 S.W.2d
at 16; Worsham Steel Co. v. Arias, 831
S.W.2d 81, 83 (Tex.App.‑‑El Paso 1992, no
writ).

Trial
Court=s
Findings of Fact No. 9








The
trial court found in its ninth findings of fact that Mr. Fisher was due a
refund of $214,624.14 in overpaid taxes. 
From the testimony of George Sanchez, the trial court surmised Mr.
Fisher had paid $122,642.99 by May 4, 1994, or enough to pay off all delinquent
taxes for the years 1968 to 1984 if the City Tax Office had allowed Mr. Fisher
to pay off the oldest taxes first.  Mr.
Fisher had paid $61,760.56 and $33,839.23 respectively by November 29, 1994 and
March 6, 1995, which amounts were sufficient to pay off the remaining taxes and
interest for the years 1985 to 1992.  Mr.
Fisher=s
payments to the tax office totaled $432,866.23, from which the trial court
subtracted $218,242.09, or the amount sufficient to pay off all taxes and
interest from 1968 to 1992 based on Mr. Sanchez=s
accounting method and using 1984 property appraisal value.  The resulting calculation, $214,624.24, was
the refund due Mr. Fisher for overpaid taxes.

Measure
of Damages

Damages must be
measured by a legal standard, and that standard must be used to guide the fact
finder in determining what sum would compensate the injured party.  Allied Vista, Inc. v. Holt, 987 S.W.2d
138, 141 (Tex.App.‑‑Houston [14th Dist.]
1999, pet. denied), citing Jackson v. Fontaine=s
Clinics, Inc., 499 S.W.2d 87, 90 (Tex. 1973).  The proper measure of damages is a question
of law for the court.  Allied Vista, Inc., 987 S.W.2d
at 141.  The facts of the case determine
the proper measure of damages as well as any allowance offsets.  Vance v. My Apartment Steak House of San Antonio, Inc., 677 S.W.2d 480, 481 n.1 (Tex. 1984); Weitzul Const., Inc. v. Outdoor Environs, 849 S.W.2d 359, 363 (Tex.App.‑‑Dallas
1993, writ denied).

Application








Mr. Sanchez opined
that the oldest taxes due should have been paid off for all lots, and he
assumed this method of accounting as he calculated the refund due Mr. Fisher
from the payment roster.  As Mr. Sanchez
tallied up the payments Mr. Fisher had made beginning in March 1993, he applied
the amounts to the pre-1985 taxes first. 
According to his calculations, Mr. Fisher had completed paying off taxes
due for the years from 1968 to 1984 in the amount of $122,642.29 by May 4,
1994.  Tax due on the lots, including
interest, for years 1985 to 1992 was $61,760.56, paid off on November 29,1994, and the tax of $33,839.24 on the tracts was finally
discharged on March 6, 1995.  Thereafter,
Mr. Fisher continued to make payments totaling $214,624.14, beyond the amount
of taxes due on the property based on the 1984 appraisal rate, until
November 14, 1997.  Mr. Sanchez
concluded Mr. Fisher had completed paying all taxes due as calculated by his
equitable model by March 6, 1995, and a refund was due Mr. Fisher in the amount
of $214,624.14.

Evidence supports
the trial court=s
Findings of Fact No. 9.  Mr. Sanchez=s calculation of taxes that Mr. Fisher
overpaid and thus due as a refund corresponds with the trial court=s findings.  Refund of excess taxes paid could be a clear
and certain remedy, especially in cases of due process violations.  McKesson Corp., 496 U.S. at 39-40, 110
S.Ct. at 2251-52. 
Since refund of excess taxes paid is an appropriate measure of damages
in the cases of violation of due process and evidence supports the amount of
refund found by the trial court, there is more than a scintilla of evidence for
the damages, and the no-evidence challenge fails.  See, e.g., City of
Houston, 879 S.W.2d at 333-34, 335. 
We overrule Appellants=
twelfth issue.

Attorney=s Fees (Issues Fourteen and Fifteen)

Appellants dispute
attorney=s fees in
Issues Fourteen and Fifteen, because Appellee=s suit proceeded outside of the Tax
Code.

In a Declaratory
Judgment action, the trial court has the discretion to award costs and
reasonable and necessary attorney=s
fees, as are equitable and just.  Tex.Civ.Prac.&Rem.Code Ann. '
37.009 (Vernon 1997).  Absent a clear
abuse of discretion, the trial court=s
judgment will not be reversed on appeal. 
Leon Ltd. v. Albuquerque Commons P=ship, 862 S.W.2d 693, 708 (Tex.App.--El Paso 1993, no writ).  An abuse of discretion occurs when the trial
court=s
judgment is without any reference to guiding rules or principles, or is
arbitrary or unreasonable.  Stelly v. Papania, 927 S.W.2d 620,
622 (Tex. 1996).








At trial,
testimony was adduced on the attorney=s
fees accumulated and the reasonableness of the fees.  John Brusniak, Jr.
testified that he was a licensed attorney in Texas and had helped to represent
Mr. Fisher.  At the time of the trial, he
was charging $250 per hour for his services and had accumulated an estimated
amount of $32,800 to $34,800 plus expenses of over $3,000 as his fees.  He then described the necessary and
reasonable services rendered, such as strategizing and negotiating for a
settlement.  Mr. Brusniak=s bill specifying the services rendered
was offered and accepted into evidence. 
E.P. ABud@ Kirk said he was a licensed attorney
in Texas and had been representing Mr. Fisher since 1986.  Mr. Kirk charged $150 per hour for his
services and his services included litigating the case.  His bill at the time of the trial was over
$90,000, including various expenses. 
Sanford Cox, Jr. testified that he was a practicing attorney in Texas
and was familiar with the hourly rates charged by attorneys in El Paso,
Texas.  Mr. Cox had examined Mr. Brusniak=s
bill and thought his services reasonable and necessary.  Mr. Cox then estimated that appellate fees
would amount to around $20,000 respectively for appeals at the court of appeals
and at the Texas Supreme Court.

The trial court
awarded attorney=s fees as
follows:  $85,022 to Mr. Kirk, $31,135.65
to Mr. Brusniak, and additional $15,000 for an appeal
to a court of appeals and $10,000 in the event of an appeal to the Texas
Supreme Court.  The attorney=s fees are well within the range
testified to by the various attorneys. 
The trial court also heard evidence that the fees were reasonable and
necessary.  As the trial court=s decision is well within the
guidelines and supported by the evidence, there is no abuse of discretion.  Appellants= fourteenth and fifteenth issues are
overruled.

The judgment of
the trial court is affirmed.

 

October
17, 2002

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.

 

(Do Not Publish)











[1]
Mr. Fisher is now deceased; he was apparently recovering from pneumonia at the
time of the trial.





[2]
The 14th Amendment of the United States Constitution states, A[N]or shall any State deprive any
person of life, liberty, or property, without due process of law . . . .@ 
U.S. Const. amend. XIV, '
1.

Article I,
Section 19 of the Texas Constitution states, ANo
citizen of this State shall be deprived of life, liberty, property, privileges
or immunities, or in any manner disfranchised, except by the due course of the
law of the land.@  Tex.Const. art. I, ' 19.





[3]
The Court in Garza held that the appraisal review board never gained
jurisdiction to consider any increases in the appraisal of the taxpayer=s property, because the taxpayer was
denied due process when his property was encumbered with an additional tax lien
without the opportunity to be heard.  Garza,
696 S.W.2d at 262. 
Therefore, any increase in the appraisal was a void act, subject to
challenge at any time or place.  Id.;
see also New, 734 S.W.2d at 714, citing Garza
(Failure to deliver notice of increased valuation of property deprived taxing
district jurisdiction over taxpayer.).